IN THE

# SUPREME COURT OF TENNESSEE

AT THE

## EASTERN DIVISION.

### SEPTEMBER TERM, 1921.

J. M. MITCHELL *v.* L. H. USILTON.

(*Knoxville.* September Term, 1921.)

1. MASTER AND SERVANT. Compensated employee may not sue third person causing injury.

Under Workmen's Compensation Act, section 14, providing that an employee injured through the negligence of a third person may at his option claim compensation or proceed at law against such person to recover damages, or proceed against both the employer and such person, but shall not be entitled to collect from both, the injured employee, after recovering compensation from his employer, may not maintain an action against a third person liable for his injuries. (*Post, pp.* 421-427.)

Acts cited and construed: Acts 1919, ch. 123.

Cases cited and approved: Barry v. Bay State St. R. Co., 222 Mass., 366; Turnquist v. Hannon, 219 Mass., 560; Pawlak v. Hayes, 162 Wis., 503; McGarvey v. Independent Oil, etc. Co., 156 Wis., 580; Woodcock v. London, etc., R. Co., 3 K. B., 139; Page v. Burtwell, 2 K. B., 758; Oliver v. Nautilus Steam Shipping Co., 2 K. B., 639; Hall v. Thayer, 225 Mass., 151; Powell v. Main Colliery Co., A. C., 366.

(419)

2. **MASTER AND SERVANT.** Employee not precluded from suing third person for injury until he collects compensation from employer.

Under the Workmen's Compensation Act, section 14, providing that an injured employee may, at his option, claim compensation from his employer or sue a third person liable for his injuries, or proceed against both, but that he cannot recover from both, and permitting an employer paying compensation to sue the third person to recover the indemnity paid or payable to the injured employee, the employee does not lose his right to proceed against third person until he collects compensation from his employer, although section 32 permits the employer to file a petition and have the amount of compensation fixed. (*Post, p.* 427.)

3. **CONSTITUTIONAL LAW.** Master and servant. Workmen's Compensation Act not unconstitutional as depriving employee of right.

Workmen's Compensation Act, section 14, providing that an injured employee may at his option claim compensation from his employer or proceed against a third person liable for his injuries, or proceed against both, but that he cannot recover against both, is not contrary to Constitution Tennessee article 1, section 8, as depriving the employee of any right. (*Post, pp.* 427, 428.)

Constitution cited and construed: Art. 1, sec. 8.

4. **STATUTES.** Section of Workmen's Compensation Act held not unconstitutional as containing subjects which are opposed to each other.

Workmen's Compensation Act, section 14, providing that an injured employee may at his option claim compensation from his employer or proceed against a third person in whom legal liability exists for his injuries, or proceed against both, but that he cannot recover from both, and that the employer, on paying compensation, or becoming liable therefor, may collect from a third person in whom legal liability for damages exists the indemnity paid or payable to the injured employee, is not contrary to Constitution Tennessee article 2, section 17, as containing more than one subject which are diametrically opposed to each other, since the question of the employee's and the employer's rights against third parties is one entirely germane to the subject of workmen's compensation. (*Post, p.* 428.)

5.  **CONSTITUTIONAL LAW.**  Workmen's Compensation Act held not unconstitutional as granting special privileges.

Workmen's Compensation Act, section 14, providing that an injured employee may at his option claim compensation from his employer or proceed against third person in whom legal liabilities for his injuries exists, or may proceed against both his employer and such third person, but cannot recover from both, is not contrary to Constitution Tennessee article 11, section 8, forbidding granting to individuals immunities other than such as may be under the same law extended to any member of the communty who may be able to bring himself within the provisions of the law.  (*Post*, *p.* 428.)

Case cited and approved: Scott v. Nashville Bridge Co., 143 Tenn., 86.

---

FROM HAMILTON.

---

Error to the Circuit Court of Hamilton County.—Hon. OSCAR YARNELL, Judge.

MURRAY, COUNTS & EMERSON, for plaintiff in error.

SILAS WILLIAMS, for defendant in error.

MR. JUSTICE HALL delivered the opinion of the Court.

This suit was brought in the circuit court of Hamilton county by J. M. Mitchell against L. H. Usilton, to recover damages for personal injuries sustained by Mitchell while in the employ of the Turner Construction Company.  The parties will be referred to in this opinion according to their status in the court below; that is, plaintiff and defendant.

Defendant demurred to the plaintiff's declaration, which demurrer was sustained, and his suit was dismissed.  He has appealed to this court, and has assigned the action of the circuit judge in sustaining said demurrer and dismissing his bill for error.

The original declaration sought to recover damages of defendant for the injuries sustained by the plaintiff on account of the negligence of defendant, who was the superintendent of the Turner Construction Company.

To said declaration defendant filed three pleas, the first being the formal plea of "Not guilty." The second and third pleas raised the question that plaintiff was, at the time he was injured, in the employ of the Turner Construction Company; was injured while acting within the scope of his employment, and had received $425 from the Turner Construction Company as compensation for his injuries.

A motion was made by defendant to strike the two last pleas because insufficient. This motion was overruled by the court.

Later, by agreement of the parties, these pleas were withdrawn, together with all proceedings thereon, and the plaintiff amended his declaration so as to aver that at the time of the injuries complained of plaintiff was in the employ of the Turner Construction Company, who was operating under the Workmen's Compensation Act (chapter 123, Acts 1919), and that under and by virtue of said act he was entitled to compensation from the Turner Construction Company to the amount of $425, which was paid to him by said company in satisfaction of the compensation due him under said act, and that to the extent of the amount so paid him by the Turner Construction Company this action is brought for and on behalf of the Turner Construction Company, and that the Turner Construction Company is entitled to be reimbursed for the amount so paid plaintiff under the Workmen's Compensation Act out of any recovery which may be awarded plaintiff on account of the injuries negligently inflicted by defendant.

Defendant demurred to the amended declaration on the following ground:

"The declaration shows on its face that plaintiff has made a settlement with the Turner Construction Company, his employer, under the Workmen's Compensation Law of Tennessee, being paid $425. Such settlement was in satisfaction of the same wrongs and injuries which plaintiff seeks the recovery for in this action, the defendant being the superintendent of the Turner Construction Company at the time the wrongs and injuries complained of were committed. Chapter 123, Tennessee Acts of 1919, section 14, which is the Workmen's Compensation Law of Tennessee, provides that an injured employee cannot collect compensation from his employer, and also collect damages from a third party in whom there may be legal liability for the same injury. Plaintiff's declaration shows that he is attempting to do this, and it is therefore insufficient in law to maintain this action."

As before stated, the demurrer was sustained by the trial court and plaintiff's suit was dismissed. From this judgment plaintiff has appealed to this court, and has assigned the action of the circuit judge for error.

The question, therefore, presented for determination is: Does the acceptance of compensation by the plaintiff from the Turner Construction Company under the Workmen's Compensation Act preclude him from recovering damages in the present action from defendant, on account of whose negligence it is averred that plaintiff's injuries were sustained?

It may be stated here that, while the amended declaration avers that the suit is brought for and on behalf of the Turner Construction Company, the plaintiff's employer, to the extent of the compensation paid to plaintiff by it there is nothing in the declaration showing that the Turner Construction Company authorized the suit on its behalf.

The plaintiff's contentions are:

First, that he, having collected compensation from his employer, Turner Construction Company, under the Workmen's Compensation Act, can still, under the provisions of section 14 of said act, recover of defendant, whose negligence caused his injuries, damages, provided he reimburse his employer for the amount so paid him from such recovery.

Second, that, if section 14 of the Workmen's Compensation Act is not susceptible to this construction, then said section is unconstitutional and void.

It is contended by defendant:

First, that plaintiff cannot, under the provisions of section 14 of said act, collect from both his employer and defendant, because such collection would amount to double compensation for his injuries, and is expressly prohibited by said section.

Second, that said section is not unconstitutional and void.

Section 14 of the Workmen's Compensation Act is as follows:

"Be it further enacted, that whenever an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law against such other person to recover damages, or proceed against both the employer and such other person, but he shall not be entitled to collect from both; and if compensation is awarded under this act the employer having paid the compensation or having become liable therefor, may collect, in his own name or in the name of the injured employee in a suit

brought for the purpose, from the other person in whom legal liability for damages exists, the indemnity paid or payable to the injured employee.

It will be noted that this section of the act expressly provides that, when an injury for which compensation is payable under said act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation or proceed at law against such other person to recover damages, or proceed against both the employer and such other person, but he shall not be entitled to collect from both. In other words said section gives the employee the right to elect whether he will seek compensation or damages, but he cannot recover both damages and compensation. On this point the provisions of said section are clear. In other words, the clear meaning of said section is that, while the employee may, at his option, either claim the compensation due from his employer under the Workmen's Compensation Act, or proceed at law against such other person to recover damages, or proceed against both the employer and such other person—that is, against his employer under the Workmen's Compensation Act, and against such other person in a common-law action—he shall not be entitled to collect from both; that is, he shall not be entitled to receive compensation from his employer and also damages from the third party. The purpose of said section was to prevent the injured employee from receiving double compensation for his injury. Said section deprives him of no right whatever. It gives him the right to proceed against the third party, whose negligence may have caused his injury, and recover of such third party in

a common-law action the damages which he may have sustained, or he may elect to proceed against his employer and recover the compensation provided by the Workmen's Compensation Act, but he cannot collect from both; that is, he cannot have both compensation and damages for the same injury. This is in conformity to the ordinary provisions of many of the compensation acts.

In Corpus Juris, Treatise on Workmen's Compensation Acts, p. 140, section 168, it is said:

"By the ordinary provisions of the compensation acts, an employee injured under such circumstances as to afford him a right to compensation as against his employer, and also to impose a liability in damages on a third person, has a right to elect whether he will seek compensation or damages, but he cannot recover both damages and compensation."

See *Barry* v. *Bay State St. R. Co.*; 222 Mass., 366, 110 N. E., 1031; *Turnquist* v. *Hannon*, 219 Mass., 560, 107 N. E., 443; *Pawlak* v. *Hayes*, 162 Wis., 503, 156 N. W., 464, L. R. A., 1917A, 392; *McGarvey* v. *Independent Dil, etc., Co.*, 156 Wis., 580, 146 N. W., 895; *Woodcock* v. *London, etc., R. Co.*, 3 K. B., 139; *Page* v. *Burtwell*, 2 K. B., 758; *Oliver* v. *Nautilus Steam Shipping Co.*, 2 K. B., 639; *Hall* v. *Thayer*, 225 Mass., 151, 113 N. E., 644; *Powell* v. *Main Colliery Co.*, [1900] A. C., 366.

We do not think that any construction can properly be placed on section 14 of the Workmen's Compensation Act which would permit plaintiff to maintain his action against defendant after having collected compensation from his employer. Said section explicitly sets out the right of the employee and employer, and provides that, where the employer has paid the compensation due the employee un-

der the act for his injury, or having become liable therefor, he may collect in his own name, or in the name of the injured employee, in a suit brought for the purpose, from the third party in whom legal liability for damages exists the indemnity paid or payable to the injured employee.

It is said by plaintiff that section 32 of the Workmen's Compensation Act permits the employer to file a petition and have the court fix the amount of compensation for which he is liable to the employee, and that, when this is done, whether such compensation is paid or not, the employee immediately loses his right to sue the third party. This contention is based on the last sentence of section 14, which permits the employer to sue the third party as soon as he (the employer) becomes liable for compensation.

It is a sufficient answer to this contention to say that the employee does not lose his right to sue the third party until he collects compensation from his employer. The employer may file a petition and have the amount of compensation fixed, but the employee is not bound to collect the compensation so fixed at the instance of the employer. And until he does collect it he does not lose his right to proceed against the third party.

The contention of plaintiff that section 14 of the Workmen's Compensation Act is in violation of section 8 of article 1 of the Constitution is not well taken.

The employee is not deprived of any right. He is given free choice to proceed against either his employer or the third party, or both, but he is precluded from collecting from both. The Workmen's Compensation Act is elective, and where the employee accepts the provisions of the act he accepts the remedies therein provided, and is bound by them. The fact that he may be ignorant of the provisions of the act is no defense, and cannot avail him.

It is next said that the act violates section 17 of article 2 of the constitution, in that section 14 covers more than one subject, and these subjects are diametrically opposed to each other.

It is a sufficient answer to this contention to say that the question of the employee's and employer's rights against third parties is one entirely germane to the subject of workmen's compensation, and the act is not, therefore, bad for the reason urged.

Nor is the contention of plaintiff sound that section 14 of said act violates section 8 of article 11 of the constitution, which forbids the granting to individuals immunities other than such as may be under the same law extended to any member of the community who may be able to bring himself within the provisions of the law. There is no immunity granted by section 14 of said act to the third party. He may be proceeded against by the employee and the employee may collect from him damages for the injuries sustained through his negligence. If the employee elects to proceed against his employer under the Workmen's Compensation Act, and collects from him the compensation due under said act, then the employer may proceed against the third person whose wrong caused the injury and collect the indemnity paid by him to the employee, or for which he may have become liable.

The constitutionality of the Workmen's Compensation Act was fully considered and determined in *Scott* v. *Nashville Bridge Co.*, 143 Tenn., 86, 223 S. W., 844, and was held to be a valid enactment. Therefore no further elaboration of this question is necessary.

We find no error in the judgment of the court below, and it will be affirmed.