## ·WALTER BARBEE *v.* BAKER CAR COMPANY.[*]

### (*Jackson*, April Term, 1926.)

Opinion filed October 16, 1926. ·

1. **WORKMEN'S COMPENSATION ACT.** Election of remedy: Employee. **Waiver of right.**

· Until provisions of the Compensation Act are complied with, an employer may be liable to an injured employee for compensation under the Act; or ·at law as if provisions had been refused. But not when such employee applies for and received compensation as provided by said Act; for then he waives his right to proceed at law upon default of· payment by employer, although it is then ascertained that employer has not complied with the provisions of the Act. (Post, p. 132.)

2. **SAME.** Compliance by employer with provisions of Act, ascertained how.

The compliance by an employer with the provisions of the Act is a matter of record, and is available to an employee before any proceeding is commenced to establish, if any, his claim or right to compensation under said Act. (Post, p. 133.)

3. **SAME.** Recovery by employee of past due compensation from employer. Remedy.

Subsection 2 of section 21 of Compensation Act provides the remedy by which an employee may recover any balance due after payment is wrongfully stopped by an employer. (Post, p. 133.)

Act cited and construed, in part; Sub-section 2 of section 21, · Acts 1919, ch. 123.

*Headnote 1. Workmen's Compensation Acts, C. J., section 168.

---

### FROM ROANE.

---

Appeal in error from the Circuit Court of Roane County.—HON. S. C. BROWN, Judge.

W. Y. BOSWELL, for appellant.

F. B. McELWEE, for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Suit by Barbee to recover $10,000 damages for personal injuries sustained while in the employ of the defendant.

The declaration avers that the defendant was subject to the Workmen's Compensation Act, but had not complied with its provisions in that it had procured no indemnity insurance and was not a self insurer within the terms of said act. The declaration then avers:

"Plaintiff would show that at the time of the injury he understood and believed that the defendant company were operating under said law, and that the defendant paid him for a few weeks according to the tenor of said law, amounting to the sum of $103.05, as he remembers, but quit this and it was after this happened, and after they stopped paying him, that he began an investigation that revealed the true facts about the defendant's failure to insure under said law, and otherwise comply with the same.

"Plaintiff would respectfully show to the court that under the foregoing state of facts he is entitled to come into this Honorable Court, and file his declaration, and that he is entitled to have his case tried under the law, and that he is entitled to have a jury determine the facts in the case, and render a verdict under a proper charge of the court determining his rights in the premises."

The defendant filed a plea in abatement, the substance of which was that plaintiff, having made claim for compensation, and accepted compensation, he thereby made an election, which, under the act, was a waiver of his right to prosecute a common-law action.

The trial court sustained the plea in abatement and dismissed the suit.

The plaintiff appealed to this court and has assigned the action of the trial court, in sustaining said plea and dismissing his suit, for error.

Section 41 of the Workmen's Compensation Act, after providing that employers falling within the act shall procure liability insurance, etc., says:

"Until these provisions are complied with, the employer shall from the date this Act becomes effective, be liable to an employee either for compensation under this Act or at law in the same manner as if the employer had refused to accept the provisions of this Act, and in any suit brought by the employee against the employer the defense of contributory negligence, the fellow servants' rule, and assumption of the risk by the employee shall not be open to or set up by the employer in any common-law court in which such suit may be brought. Claim of compensation in such cases under this Act shall be deemed a waiver of the right to proceed at law, and institution of an action at law shall be deemed a waiver of all claims to compensation hereunder."

Here, according to the allegations of the declaration, the plaintiff applied for and received compensation, and thereby waived his right to proceed at law under the express provisions of the act.

It is no defense to the plea to say that plaintiff did not know that the defendant had not complied with the provisons of the act. The information was a matter of public record and available to him, and if he entertained doubt as to the solvency of the defendant he should have advised himself as to its financial *status* before making claim for and receiving compensation, and his failure in this particular is chargeable to his own negligence.

It does not appear that the defendant is insolvent, although, for some reason not appearing, it ceased making payments to the plaintiff.

Sub-section 2 of section 31 of the Act provides a remedy by which plaintiff can recover any balance due him under the act.

We find no error in the judgment of the trial court and it will be affirmed.