CITY OF NASHVILLE *v.* R. A. LATHAM.

*(Nashville,* December Term, 1929.)

Opinion filed  May 24, 1930.

MOORE, LOSER, GILBERT, GLEAVES & BAILEY, for plaintiff in error.

G. S. MOORE, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Latham, while delivering ice for his employer, Cumberland Ice & Coal Company, in the City of Nashville, received an injury due to the defective condition of Woodland Street. He sued the city and was awarded a verdict of $150 in the circuit court. Upon appeal the Court of Appeals reversed the judgment of the trial court and dismissed the suit upon the ground that Latham had accepted the benefits under the Workmen's Compensation Act. The case was brought to this court by petition for writ of *certiorari,* filed on behalf of Latham, which has been heretofore granted and argument of counsel had.

When Latham was injured his employer placed him in its truck, carried him to the company physician, who dressed his wounds, and Latham rode in the company

truck to the office of this physician for observation or treatment two or three times thereafter, but within a week. His injury only prevented him from working six days. The statute provides that no compensation shall be allowed for the first seven days of the injury.

It follows that Latham was entitled to no compensation and received none further than the medical attention referred to above, which the Court of Appeals held was an election to proceed under the act and a bar to a common-law action against the city.

Where the employee receives money, or its equivalent, from his employer as compensation for his injury, he cannot maintain a suit against a third party primarily responsible therefor. *Mitchell* v. *Usilton,* 146 Tenn., 419; *Barbee* v. *Baker Car Co.,* 154 Tenn., 130.

The inquiry is narrowed to the simple proposition as to whether the acceptance of temporary medical servives, tendered by the employer, is a receiving of compensation within the meaning of the act. Section 14 provides:

"That whenever an injury for which compensation is payable under this Act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may at his option either claim compensation or proceed at law against such other person to recover damages, or proceed against both the employer and such other person, but he shall not be entitled to collect from both."

In *Mitchell* v. *Usilton, supra,* it was held that an employee did not lose his right to proceed against a third person until he collects compensation from his employer.

584

It will be observed that the act expressly authorizes the employee to proceed to judgment against both parties but he can only collect from one.

Counsel for the city concede that the employee, as a condition precedent to proceeding against the employer, has to accept the medical services tendered. Hence, according to their contention, if the employee refuses to accept such services he cannot maintain an action against his employer; while, on the other hand, if he accepts such services he cannot sue the third person. If this position is correct, it follows that the employee cannot proceed to judgment against both parties, as the act expressly authorizes him to do.

In our opinion, the legislature did not intend that the term "compensation payable" should embrace temporary medical services rendered, which is apart from or in addition to the sums payable under the act. Medical services are not "payable" but are "performed" or "rendered." The language of the statute is that the employee may not "collect" from both employer and third person who is at fault. It would be inapt to refer to the temporary medical attention as having been "collected" by the injured employee. The word "collect" in the context implies the act of payment and reception of money. *American Mutual Liability Ins. Co.* v. *Otis Elevator Co.,* 160 Tenn., 248, 23 S. W. (2d) 245.

So the terms employed in Section 14 of the statute seem clearly to indicate the legislative intent as we have stated it.

The compulsory requirement with respect to accepting medical treatment is primarily for the protection of the employer, and results in benefit to him as exemplified in

this case, for, by prompt and efficient medical attention, it obviated a liability which might otherwise have arisen.

When an accident occurs an employee cannot ordinarily know how long his disability will continue, and the acceptance of temporary aid from his employer should not be construed as an election to take under the Compensation Act unless such was his manifest intention.

Here the employee has collected nothing from his employer; hence he can proceed to judgment against the city and collect from it if he chooses to do so.

The conclusions announced herein harmonize Sections 14 and 25 of the act and work no injustice to any of the parties.

The decree of the Court of Appeals will be reversed and that of the circuit court affirmed.