Joe McCreary, Administrator, *v.* N., C. & St. L. Ry. *et al.*

*(Nashville,* December Term, 1930.)

Opinion filed January 17, 1931.

692

Frank L. Lynch, for plaintiff in error.

W. B. Lamb, Jr., George E. Banks and L. N. Spears, for Tennessee Consolidated Coal Company.

Mr. Chief Justice Green delivered the opinion of the Court.

Robert McCreary was an employee of the Tennessee Consolidated Coal Company and, in the course of his employment, was killed under circumstances which it is alleged created in the Nashville, Chattanooga & St. Louis Railway legal liability to pay damages in respect to his death.

By permission of the widow of Robert McCreary, the plaintiff in error Joe McCreary qualified as administrator of the deceased, and as such administrator brought a suit in the Circuit Court of Franklin County to recover damages under section 4025, Thompson's-Shannon's Code, for the death of his intestate. Both the railway company and the coal company were named as defendants to this suit.

Before pleas were filed in the suit at law, the coal company entered into an agreement with the widow of Robert McCreary, by the terms of which settlement the coal company paid and obligated itself to pay for the benefit of said widow and the defendant children of deceased the indemnity prescribed by the Workmen's Compensation Act, chapter 123 of the Acts of 1919. This settlement was duly submitted to the Circuit Court of Franklin County and approved by that court according to the practice required by the Compensation Act.

Thereafter, the railway company and the coal company pleaded the aforesaid settlement in bar of the suit at law. The plaintiff in error, administrator of Robert McCreary, demurred to these pleas. The demurrer was overruled and the pleas sustained. The suit at law was dismissed and an appeal to this court prayed and granted.

The points of the demurrer are (1) that the widow, having authorized the appointment of the administrator

and a suit at law by him, was without power to enter into a settlement under the Workmen's Compensation Act which would bar the suit at law, and (2) that if the widow had such power as to herself and the dependent children, she was without power to enter into a settlement which would bar the administrator's suit insofar as that suit was brought for the benefit of the children, not dependent, and not beneficiaries of the compensation statute.

■ Upon the first proposition, we think there is no doubt but that the widow was entitled to claim and accept for herself and the dependent children the indemnity provided by the compensation statute, and that the acceptance of such indemnity by her precluded the maintenance of the suit at law for recovery of damages for herself and the dependent children on account of the death of Robert McCreary. Section 14 of chapter 123 of the Acts of 1919 is in these words:

"That whenever an injury for which compensation is payable under this Act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employe may at his option either claim compensation or proceed at law against such other person to recover damages, or proceed against both the employer and such other person, but he shall not be entitled to collect from both; and if compensation is awarded under this Act the employer having paid the compensation or having become liable therefor, may collect, in his own name or in the name of the injured employe in a suit brought for the purpose, from the other person in whom legal liability for damages exists, the indemnity paid or payable to the injured employe."

This section was construed in *Mitchell* v. *Usilton,* 146 Tenn., 419. It was there held that an employee, having collected compensation from his employer, could not maintain a suit at law against a third person under legal liability to pay damages in respect to the employee's injuries. This ruling was approved in *City of Nashville* v. *Latham,* 160 Tenn., 581.

It is true that in terms, section 14 only applies to the rights of an injured employee, not to the rights of the widow and dependents of a deceased employee. However, section 4025, Thompson's-Shannon's Code, by which a right of action for wrongful death is preserved to the widow and representatives of a deceased, provides that "the right of action which a person who dies from injuries received by another . . . would have had against the wrongdoer in case death had not ensued . . . shall pass to the widow, etc., etc." This is primarily a survival statute. If the injured employee could not have prosecuted a suit himself, no such right continues in his widow or in his representatives.

Section 7 of the compensation statute provides that whenever payment of compensation is made to a widow for her use and the use of a child or children, the written receipt thereof by the widow shall acquit the employer. The widow thus was given the right to settle for herself and dependent children under the statute. A settlement by the widow under the compensation statute, insofar as she and the dependent children are concerned, bars the action at law as to such parties, just as such a settlement by the deceased employee would have barred his action at law, had he lived.

We are further of opinion that the settlement made by the widow under the Compensation Act bars the

suit at law for all purposes and as to all beneficiaries. In this case the deceased employee had several adult children, not dependent, and not therefore beneficiaries of the Compensation Act. Section 8 of chapter 123 of the Acts of 1919 provides as follows:

"That the rights and remedies herein granted to an employe subject to this Act on account of personal injuries or death by accident shall exclude all other rights and remedies of such employe, his personal representative, dependents or next of kin, at common law or otherwise, on account of such injury or death."

The effect of this provision seems very plain. As just shown, the employee's widow was entitled to avail herself of the "rights and remedies" of the compensation statute. Having accepted for herself and the dependent children, the benefit of such rights and remedies, the result was to "exclude all other rights and remedies of such employee, his personal representative, dependents or next of kin, at common law or otherwise."

Plaintiff in error relies on certain language of the court used in *Bristol Telephone Co.* v. *Weaver,* 146 Tenn., 511, indicating that the compensation statute was passed entirely for the benefit of the employer and employee and that the rights of third persons, not beneficiaries of the statute, were not affected thereby. Such expressions of the court cannot be given the broad significance imputed to them and were not intended to have such a scope. The caption of chapter 123 of the Acts of 1919 declares the Act to be one "to provide an elective system of workmen's compensation for industrial accidents, to prescribe the manner of election and the rights and liabilities of employers, employes, and third parties."

Section 8 just above quoted is explicit and is plainly within the caption of the Act.

We find no error in the judgment below and the same is affirmed.