WILSON *v.* CITY OF CHATTANOOGA *et al.*

(*Knoxville,* September Term, 1942.)

Opinion filed November 7, 1942.

CLARENCE KOLWYCK, of Chattanooga, for plaintiff in error, L. W. Wilson.

C. G. MILLIGAN and W. F. CHAMLEE, both of Chattanooga, for City of Chattanooga.

SAM J. McALLESTER, of Chattanooga, for O. B. Andrews Co.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The question here is whether the plaintiff Wilson, having accepted a number of payments under the Workmen's Compensation Act, can maintain this suit against the third party tort-feasor.

In his declaration plaintiff alleged that on September 7, 1941, while engaged in painting a smokestack for the defendant Andrews, as an employee of one Patterson,

an independent contractor, he came in contact with some high tension wires leading into the Andrews plant which had been erected by both defendants in too close proximity of the smokestack in violation of the Building Code of the City of Chattanooga, which caused him to sustain, among other injuries, a loss of substantially all of the first toe on his left foot.

To this declaration the defendants filed a special plea alleging that at the time of the accident the plaintiff and his employer Patterson were subject to the Workmen's Compensation Act, and that he collected the sum of $18 per week for eleven weeks, and had accepted medical benefits as provided by the Act, which payments defendants relied upon as an accord and satisfaction and discharge.

The plaintiff thereupon filed a replication to the special plea stating that at the time he accepted the workmen's compensation benefits he was not aware of any choice of remedies he might have and did not intend to abandon his rights against the defendants.

The defendant thereupon demurred to the replication. The trial juge sustained the demurrer, holding that the plaintiff had elected to take under section 6865 of the Code, which reads as follows: "Whenever an injury for which compensation is payable under this chapter shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation or proceed at law against such other person to recover damages, or proceed against both the employer and such other person, but he shall not be entitled to collect from both; and if compensation is awarded under this chapter, the employer having paid the compensation or having become

liable therefor, may collect, in his own name or in the name of the injured employee in a suit brought for the purpose, from the other person against whom legal liability for damages exists, the indemnity paid or payable to the injured employee.''

The above section of the Code has been before this court for consideration in several cases, and it is well settled that an employee who receives workmen's compensation for an accident contributed to or brought about by the negligence of a third party, upon collecting such compensation, loses his rights in his own behalf to sue such third party for damages. This right of action against a third party passes to the employer by statutory subrogation. This is undoubtedly the rule when the employee collects compensation from his employer without reservation or exception of the right of action against a third party, or without waiver of the right of subrogation by the employer. *Mitchell* v. *Usilton,* 146 Tenn., 419, 242 S. W., 648; *City of Nashville* v. *Latham,* 160 Tenn., 581, 28 S. W. (2d), 46; *American Mutual Liability Ins. Co.* v. *Otis Elevator Co.,* 160 Tenn., 248, 23 S. W. (2d), 245; *McCreary* v. *Nashville, C. & St. L. Ry.,* 161 Tenn., 691, 34 S. W. (2d), 210, 211.

Under the Workmen's Compensation Law the employer becomes liable to the employee as compensation payments accrue, and under the terms of section 6865 the employer's right to subrogation accrues as soon as he becomes liable for compensation payments. The employer in this case had not only become liable, and the compensation was not only payable, but the employer had actually paid to the employee $198, which amount the employee held at the time this suit was brought, and which he continued to hold until some time after the defendants filed their plea. At the time this suit was brought

the employer had already stepped into the plaintiff's shoes and had acquired all the rights which the plaintiff may have had to proceed against the defendant.

■■ Section 6865 gives the employee the right to elect whether he will seek compensation or damages, but he cannot recover both damages and compensation. While the employee may, at his option, either claim the compensation due from his employer under the Workmen's Compensation Act, or proceed at law against such other person to recover damages, or proceed against both the employer and such other person—that is, against his employer under the Workmen's Compensation Act, and against such other person in a common-law action— he shall not be entitled to collect from both; that is, he shall not be entitled to receive compensation from his employer and also damages from the third party. The purpose of this section was to prevent the injured employee from receiving double compensation for his injury. This section gives the injured employee the right to proceed against the third party whose negligence may have caused his injury, and recover from such third party in a common-law action the damages which he may have sustained, or he may elect to proceed against his employer and receive the compensation provided by the Workmen's Compensation Act. *Mitchell* v. *Usilton, supra.*

In *McCreary* v. *Nashville, C. & St. L. Ry., supra,* this court said: "This section was construed in *Mitchell* v. *Usilton,* 146 Tenn., 419, 242 S. W., 648. It was there held that an employee, having collected compensation from his employer, could not maintain a suit at law against a third person under legal liability to pay damages in respect to the employee's injuries. This ruling was ap-

proved in *City of Nashville* v. *Latham,* 160 Tenn., 581, 28 S. W. (2d), 46.''

In *McDonald* v. *Employers' Liability Assur. Corporation,* 288 Mass., 170, 192 N. E. 608, it was held that the right to sue a third party is barred by accepting only a part of the compensation due.

We are of opinion that the plaintiff Wilson, having accepted the benefits of the Workmen's Compensation Act by collecting the amounts provided over a period of eleven weeks at the rate of $18 per week, is now precluded from maintaining the present action.

In *Keen* v. *Allison,* 166 Tenn., 218, 219, 220, 60 S. W. (2d), 158, the court said: ''To this plea plaintiff interposed a replication in which he averred that 'in said settlement it was expressly agreed between plaintiff and his employers and their insurer that said employers and insurer waived any right they had to subrogation against the defendant in this case, and that no part of the compensation paid plaintiff in said settlement was for loss of time and injuries suffered by plaintiff because of the negligence of the defendant in this case, and the settlement thus made, including the contract above stated, with its reservations, was upon proper petition ratified and adjudicated by the Circuit Court, Davidson County, Tennessee, as a proper settlement and just compensation to plaintiff with the reservations therein contained.' ''

There were no reservations in the instant case.

It results that we find no error in the judgment of the circuit court and it is affirmed.