OSCAR GROSSMAN, Appellant, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant, and BROOKLYN EDISON COMPANY, INC., Defendant-Respondent.— Plaintiff appeals from an order denying his motion to strike out, as insufficient in law, the first defense contained in the answer of respondent Brooklyn Edison Company, Inc. Order reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. Plaintiff, an employee of a subcontractor, was injured on December 31, 1942, while working at a building owned by defendant Brooklyn Edison Company, Inc. Within the time limited therefor, he commenced an action to recover damages for personal injuries against the third party, naming as sole defendant the Consolidated Edison Company of New York, Inc., on the theory that it was the general contractor whose employees were negligent. More than a year after the accident

plaintiff obtained an order granting leave to bring in the Brooklyn Edison Company, Inc., as a party defendant. The amended complaint charged negligence against either or both defendants. As a first defense the Brooklyn Edison Company, Inc., alleged that plaintiff had duly filed a claim for compensation, and set up the Statute of Limitations contained in section 29 of the Workmen's Compensation Law. There is no allegation that an award for compensation was made. Plaintiff's motion to strike out is directed against that defense. The defense is insufficient. (*Gillette* v. *Allen*, 264 App. Div. 599, motion for leave to appeal dismissed, 289 N. Y. 754.) Section 29 of the Workmen's Compensation Law was not intended to shorten the three-year limitation for actions arising out of negligence contained in the Civil Practice Act. Among other things, that section was intended to define who, within that three-year period, should be entitled to bring the negligence action against the third party. Close, P. J., Carswell, Johnston, Lewis and Aldrich, JJ., concur. [See *post*, p. 907.]