**Gertrude D. WILLIS, Plaintiff,**

v.

**WEIL PUMP COMPANY, Defendant.**

United States District Court
S. D. New York.
Nov. 26, 1954.

Simone N. Gazan, New York City, for plaintiff.

Sidney R. Rossiter, Aaron Frank, New York City, Lewis F. Glazer, New York City, of counsel, for defendant.

DAWSON, District Judge.

This is a motion by the defendant, appearing specially, to dismiss the complaint on an issue of jurisdiction and on a state statute limiting the time within which an action may be brought.

The action is brought by an administratrix for the death of the decedent. The complaint alleges, in substance, that the decedent, while working for the Tennessee Copper Company at its plant in Tennessee, was killed when a certain pump exploded. It alleges that the pump was bought from the Weil Pump Company, an Illinois corporation, and that the defendant was negligent in that the pump which it had furnished to the employer of decedent was of such construction that it could not withstand the pressures expected to be placed upon it.

Defendant has by this motion presented, in substance, two issues for determination:

(1) Does a New York Federal Court have jurisdiction, or should it refuse jurisdiction, over this action, since the action is brought by a non-resident against a non-resident corporation for injuries occurring outside the State?

(2) If the Court has jurisdiction over the action, is the action barred by the provisions of a Tennessee statute which provides that third party actions by injured employees, against one other than the employer, must be brought within one year from the date of the injury?

### The Issue of Jurisdiction

Defendant urges that the New York Courts have generally refused to take jurisdiction over an action arising out of a tort committed in a foreign state where both plaintiff and defendant were non-residents. Murnan v. Wabash R. Co., 1927, 246 N.Y. 244, 158 N.E. 508, 54 A.L.R. 1522; Douglas v. New York, New Haven & Hartford R. Co., 248 N.Y. 580, 162 N.E. 532, affirmed, 1929, 279 U.S. 377, 49 S.Ct. 355, 73 L.Ed. 747. It urges that the same rule should be applied in the Federal Court. This, however, is not a matter of jurisdiction, but a matter of discretion. See Section 1404,

Tit. 28 U.S.C. Defendant admits that it is licensed to do business in the State of New York. Under the provisions of Section 1391, Tit. 28 U.S.C., service having been properly made upon the Secretary of State of the State of New York pursuant to Section 217 of the New York General Corporation Law, McKinney's Consol.Laws, c. 23, this Court has jurisdiction over the defendant. Skelly Oil Co. v. Phillips Petroleum Co., 1949, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194; Neirbo Co. v. Bethlehem Shipbuilding Corp., 1939, 308 U.S. 165, 175, 60 S.Ct. 153, 128 A.L.R. 1437.

Since the Court has jurisdiction over the defendant, so much of the motion as seeks to dismiss the complaint on the ground of jurisdiction is denied.

### The Issue of Limitations

The defendant has brought the present motion under Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C. The defendant asserts that there is a failure to state a claim upon which relief can be granted. It alleges that the injuries received by decedent were received by him in the course of his employment, that he accepted Workmen's Compensation benefits from his employer, and that under the applicable statutes of Tennessee, this action has not been brought within the period of time limited by law. The complaint alleges that the accident occurred on or about November 10, 1952. This action was started on July 19, 1954.

Three statutes are involved:

Section 8595 of the Tennessee Code provides that a death action must be brought within one year from the date of the accident on which the action is predicated.

Section 8581 of the Tennessee Code tolls the running of the Statute of Limitations where a defendant is outside the state and cannot be served within the state.

Section 6865 of the Tennessee Code, which is part of the Workmen's Compensation Act of Tennessee, provides as follows:

"When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, or his dependents, shall have the right to take compensation under the act and said injured workman, or those to whom the right of action survives at law, being dependents, may pursue his or their remedy by proper action in a court of competent jurisdiction against such other person. * * * Such action against the other party must be instituted in all cases within one year from the date of the injury. Failure on the part of the injured workman, or those to whom the right of action survives, being dependents, to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman, or those to whom the right of action survives, being dependents, may have against any other party for such injury or death, and such employer may enforce same in his own name or the name of the workman, or those to whom the right of action survives, being dependents, for such employer's benefit as his interest may appear by proper action in any court of competent jurisdiction, and shall have six months after such assignment within which to commence such suit. (1919, ch. 123, sec. 14, Modified; 1949, ch. 277, sec. 1.)"

It is admitted that this action was not brought within one year from the time of the accident out of which the action arises. It is the position of the plaintiff that the provision tolling the running of the Statute of Limitations is applicable both to the death statute and to the provisions in the Workmen's Compensation Law of Tennessee. No Tennessee cases have been cited, and I have been unable to find any Tennessee cases which bear upon this point.

In New York, a similar provision has been held not to shorten the Statute of Limitations, but only to define who was the proper party in interest to bring the action. Grossman v. Consolidated Edison Co. of New York, Inc., 268 App.Div. 875, 50 N.Y.S.2d 785, affirmed 294 N.Y. 39, 60 N.E.2d 199. New York, in a similar situation, allowed the complaint to be amended so as to bring in the real party in interest, i. e., the employer-assignee. Wilton v. Radish, 266 App.Div. 974, 44 N.Y.S.2d 437 and 267 App.Div. 970, 47 N.Y.S.2d 823, 824, motion for leave to appeal to the Court of Appeals denied, 267 App.Div. 987, 48 N.Y.S.2d 804.

The plaintiff has urged that the specific limitation contained in the Workmen's Compensation Law of Tennessee is tolled by the general tolling provision, Section 8581, inasmuch as the defendant was not subject to service within the State. However, distinct statutes governing particular rights have been considered to be complete in themselves, and where such statutes fix absolutely the time for bringing the action, the saving clause as to absentees contained in a general tolling statute has been held not to operate, 54 C.J.S., Limitations of Actions, § 212, p. 233.

In the present case, the law of Tennessee is specific that a third party action brought by an employee who has received Workmen's Compensation benefits must be brought "in all cases within one year from the date of the injury"; and provides that when it is not brought within that period of time, the cause of action automatically is assigned to the employer. This is not the type of provision which should be affected by a general tolling statute. If it were, the time when the assignment to the employer would become effective would depend upon when the third party defendant happened to come within the state so as to be amenable to process.

■ Since the action was not brought against the present defendant within the time specifically limited by the statute, and since the cause of action has by rea-

son thereof been assigned as a matter of law to the employer, it appears upon the face of the papers submitted on this motion that plaintiff has failed to state a claim upon which relief can be granted. However, since the foregoing conclusion is based upon papers outside the pleading, i. e., defendant's affidavit that the plaintiff has received Workmen's Compensation benefits, this matter must be treated by the Court as one for summary judgment and disposed of as provided in Rule 56. Under the provisions of Rule 12(b), in that event, all "parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." In order that either of the parties may present any further material which they wish to present, in accordance with the foregoing provision of the Rule, the determination of this motion will be held in abeyance until November 29, 1954. Prior thereto, either party may submit any further material which they believe to be pertinent to a disposition of this motion under Rule 56.

On Motion for Summary Judgment

It appears to be undisputed that the injury out of which this action arose occurred in the course of decedent's employment by the Tennessee Copper Company in the State of Tennessee; that it occurred on November 10, 1952; that Workmen's Compensation benefits have been paid in accordance with the laws of Tennessee; that this action was started on or about July 19, 1954.

It appears to be uncontroverted that this action was not brought within one' year from the date of injury, which is the time specifically limited by the Tennessee statute, and since the cause of action, by reason thereof, has been assigned as a matter of law to the employer, it appears without dispute that plaintiff has failed to state a claim upon which relief can be granted. Under the provisions of Rule 56, summary judgment is granted for the defendant.