Gertrude D. WILLIS, Plaintiff-
Appellant,

v.

WEIL PUMP COMPANY, Defendant-
Appellee.

No. 226, Docket No. 23433.

United States Court of Appeals
Second Circuit.

Argued March 14, 1955.

Decided March 31, 1955.

Simone N. Gazan, New York City, for plaintiff-appellant.

Sidney R. Rossiter, New York City (Lewis F. Glaser and Aaron Frank, New York City, of counsel), for defendant-appellee.

Before CLARK and FRANK, Circuit Judges, and GALSTON, District Judge.

FRANK, Circuit Judge.

1. In the district court, defendant moved for dismissal of the complaint because of improper venue. Defendant argued thus: Neither party is a resident of New York, and the New York courts will not entertain suits relative to a tort which occurred elsewhere; therefore the district court sitting in New York cannot entertain a suit where jurisdiction rests on diversity of citizenship. We think this contention untenable here for two reasons: (1) The refusal of the New York courts to deal with such a suit is but a state rule of forum non conveniens. Such a rule does not control a federal court, since Congress has explicitly legislated in that field, 28 U.S.C. § 1404(a), and it involves federal procedure. See Moore, Commentary On the United States Judicial Code (1949), pp. 330–331. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, is not apposite, since there the state had a substantive policy of refusing to grant a deficiency judgment. (2) Moreover, a New York court has held that a foreign corporation, like defendant here, which is licensed to do business in that state, is to have been deemed to be doing business there. Hamilton v. Berwind-White Coal Mining Co., Sup., 60 N.Y.S.2d 561. Service on defendant and venue were proper. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167.

2. Judge Dawson dismissed the complaint because the Tennessee statute of limitations had run. We adopt his opin-

ion in that respect. Cf. Komlos v. Compagnie Nationale Air France, 2 Cir., 209 F.2d 436, 438–439; Taylor v. New York Central R. Co., 294 N.Y. 397, 62 N.E.2d 777.

Affirmed.