H. R. KIMBRELL and Dean Kimbrell, a Minor, by Next Friend and Father, H. R. Kimbrell, Plaintiffs-Appellees,

v.

UNITED STATES of America, Defendant-Appellant.

No. 14515.

United States Court of Appeals Sixth Circuit.

July 13, 1962.

Herbert E. Morris, Atty., Dept. of Justice, Washington, D. C., William H. Orrick, Jr., Asst. Atty. Gen., Morton Hollander, Atty., Dept. of Justice, Washington, D. C. John H. Reddy, U. S. Atty., Chattanooga, Tenn., on the brief, for appellant.

James C. Lee, Chattanooga, Tenn., Campbell & Campbell, Chattanooga, Tenn., on the brief, for appellee.

Before MILLER, Chief Judge, MARTIN,* Circuit Judge, and MAGRUDER, Senior Circuit Judge.

MAGRUDER, Circuit Judge.

This is an ordinary case of an automobile accident in which the plaintiff sues the United States for damages under the Federal Tort Claims Act. Though the United States, in the district court, contested liability on the merits on the ground that its servant was not negligent, the district judge found against the United States on that issue, and it has not been raised on appeal. Instead, in this court the government takes the somewhat technical position that a Tennessee statute, § 50–914, Tenn.Code Ann., precludes the action which, with the consent of the employer, was filed more than a year after the alleged tortious injury occurred.

No doubt the Federal Tort Claims Act is a statute of the Congress, as to which its will is controlling. However, the Federal Tort Claims Act, 28 U.S.C. § 2674, provides that the "United States shall be liable, respecting the provisions of

---

* Judge Martin took no part in the decision of this case. In his stead Circuit Judge Weick participated in it, by assignment of Chief Judge Miller.

this title relating to tort claims, in the same manner and to the same extent as a private individual in like circumstances," with exceptions not now relevant. Again it is the Congress speaking, but it adopts the state substantive law so as to put the United States on a parity with other employers in the state where the accident occurred. In 28 U.S.C. § 2401(b), it is provided that "[a] tort claim against the United States shall be forever barred unless action is begun within two years after such claim accrues * * *." In State of Maryland to Use of Burkhardt v. United States, 165 F.2d 869, 1 A.L.R.2d 213 (C.A.4th, 1947), the court properly held that this two-year period of limitations controlled, despite the fact that Maryland had a statute of limitations with a shorter period which the local courts have held to constitute a condition precedent to the right to maintain an action thereunder. The court said: "We think, however, that the purpose and effect of the language of the statute is that we shall look to the law of the state for the purpose of defining the actionable wrong for which liability shall exist on the part of the United States, but to the act itself for the limitations of time within which action shall be instituted to enforce the liability." *Ibid.* at 871. To the same effect see Young v. United States, 87 U.S.App.D.C. 145, 184 F.2d 587, 21 A.L.R.2d 1458 (1950).

■ It seems that the plaintiff, who was operating a motorcycle at the time he was run into by defendant, was an employee of a local company which was subject to the Workmen's Compensation Act of the State of Tennessee. He received compensation from his employer under this Act, in the form of temporary disability payments and medical payments. The only proper interest of the United States is that it shall not be subjected to two suits for the same liability. Section 50–914 of the Tennessee Code gives the injured workman an option to sue a third-party defendant. If the workman recovers judgment against the third-party defendant, "the employer shall be subrogated to the extent of the amount paid or payable under such law, and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Such action against the other party must be instituted in all cases within one (1) year from the date of injury. Failure on the part of the injured workman * * * to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman * * * may have against any other party." It is this last phrase on which the government places its chief reliance.

■ We are not impressed by the argument of the United States that this is a "real party in interest" statute rather than a statute of limitations. See Commissioners of the State Insurance Fund v. United States, 72 F.Supp. 549 (S.D.N.Y.1947). Though the legislature of Tennessee speaks of an "assignment" of the cause of action to the employer, it does not necessarily mean that. The employer does not become the legal owner of all the claim against the third-party wrongdoer. The employer's interest is purely a security interest to the extent of the amounts which it has paid or which are payable under the compensation act. In this case the remainder of the claim must belong to the appellee. In fact, this was recognized by the court below in the judgment now under review. One paragraph of the order appealed from provides that, from the amount recovered against the defendant, "the Travelers Insurance Company, the insurer of Dean Kimbrell's employer's liability under the Tennessee Workmen's Compensation Act, shall be reimbursed for compensation benefits paid to Dean Kimbrell, less a pro rata portion of the attorney's fees hereinafter awarded." In other words, all that the statute authorized was a suit by the insurance carrier against the third party after one year.

Here the United States, as wrongdoer, is claiming the benefit of the literal lan-

guage in the statute, on the ground that at the time suit was brought, because of the assignment to his employer Dean Kimbrell was not the owner of the claim. This could not be, as the local statute has been construed by the Tennessee courts. See Keen v. Allison, 166 Tenn. 218, 60 S.W.2d 158 (1933), in which the Tennessee court noted that the local compensation act "was passed for the benefit of employers and employees. The statute is little concerned with the rights of third parties, negligent wrongdoers. * * * No rights of the wrongdoer are affected. So far as he is concerned, it is not for him to say whether he be called upon to respond in damages at the suit of the employer or at the suit of the employee." See also International Harvester Co. v. Sartain, 32 Tenn.App. 425, 222 S.W.2d 854 (1948).

A judgment will be entered affirming the judgment of the District Court.

SHACKELFORD MILLER, Jr., Chief Judge (dissenting).

I am of the opinion that the judgment of the District Court should be reversed.

It appears to be settled law that whether the plaintiff has a cause of action under the Federal Torts Claims Act is determined by the law of the state. Accordingly, we look to Section 50–914, Tennessee Code Annotated, to determine that question and to see in whom the right exists.

The Tennessee statute provides that the injured employee has a right of action against the third party tortfeasor and that the action to enforce this claim must be instituted within one year from the date of the injury. It then provides that, "Failure on the part of the injured workman, * * *, to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman, * * *, may have against any other party for such injury or death, * * *."

I am of the opinion that under this statute the workman's cause of action was automatically assigned as a matter of law to his employer after the expiration of the year following the date of the injury. See: Wilson v. City of Chattanooga, 179 Tenn. 234, 237, 165 S.W.2d 373. After that time there was no cause of action under the statute in favor of the employee. It is not a question of his cause of action being barred by a statute of limitations. Whatever cause of action he had under the state statute has been transferred by that same statute to his employer. The statute is all inclusive—it specifies "*any* cause of action in tort which the workman, * * *, *may* have * * *." (Emphasis added.) I find nothing in the Tennessee statute providing for a reassignment back to the workman, nor does the record show any such reassignment.

In my opinion, the plaintiff is not the party in interest who has the right to prosecute this claim. Willis v. Weil Pump Co., 130 F.Supp. 896, affirmed 222 F.2d 261, C.A.2nd; Dinardo v. Consumers Power Co., 181 F.2d 104, 107, C.A. 6th; Farnham v. Daar, Inc., 184 F. Supp. 809, W.D.Mo.