**Robert M. GRAHAM, Plaintiff,**

v.

**RED BALL MOTOR FREIGHT, INC.,**
a corporation, Defendant.

**No. DC6476.**

United States District Court
N. D. Mississippi,
Delta Division.

Dec. 21, 1966.

Homer L. Armstrong, Memphis, Tenn., Holcomb, Curtis & Connell, Clarksdale, Miss., for plaintiff.

Guy Mitchell, Jr., Mitchell, McNutt & Bush, Tupelo, Miss., for defendant.

OPINION OF THE COURT

CLAYTON, Chief Judge.

Plaintiff, a citizen of Tennessee, filed this suit on November 18, 1964, for damages for personal injuries alleged to have been sustained in Mississippi on May 3,

1963, when the vehicle which he was operating for his Tennessee employer was involved in an accident with a truck operated by defendant. Plaintiff elected to receive benefits under the Workmen's Compensation Law of Tennessee and was paid slightly more than $1700. The demand here is for more than the requisite jurisdictional amount of $10,000. Plaintiff's employer is not joined with him in this suit.

Defendant by motion to dismiss, inter alia, asserts a plea in bar and this aspect of said motion is before the court on briefs of the parties.

Section 50–914, Tennessee Code Annotated provides for the assertion of third party claims, establishes the rights of the employee and employer with respect to the proceeds of such a claim and, as of concern here, provides:

> Such action against such other person by the injured workman, or those to whom his right of action survives, must be instituted in all cases within one (1) year from the date of injury. Failure on the part of the injured workman, or those to whom his right of action survives, to bring such action within said one (1) year period shall operate as an assignment to the employer of any cause of action in tort which the workman, or those to whom his right of action survives, may have against any other person for such injury or death, and such employer may enforce same in his own name or in the name of the workman, or those to whom his right of action survives, for such employer's benefit, as such employer's interest may appear, and the employer shall have six (6) months after such assignment within which to commence such suit.

Defendant's plea in bar is based upon the quoted portion of the Tennessee statute which, defendant says, bars plaintiff's action here since suit was filed more than eighteen months after the date of the injury and is asserted in plaintiff's (employee's) name only, without the employer, to whom the claim was assigned by operation of law at the expiration of one year following the date of the injury, being a party to the suit.

Plaintiff contends that the six year period of limitation established by Mississippi law [Section 722, Mississippi Code 1942 Annotated (Recompiled)] applies, and that, thus, the plea in bar is not available.

The precise point presented has not been decided by either Mississippi or Tennessee. A literal reading of the statute would sustain defendant's position. But, the problem is not that simple. A district court of New York sustained the interpretation of this statute urged by defendant here. Its action was affirmed by the Court of Appeals for the Second Circuit. See Willis v. Weil Pump Company, 130 F.Supp. 896 (D.C.N.Y.1954), affirmed 222 F.2d 261 (2d Cir. 1955). The suit was by a non-resident against a non-resident corporation for injuries *which occurred in Tennessee* at a time when plaintiff was covered by Tennessee Workmen's Compensation laws, and was filed after expiration of the eighteen months period. Other courts, at least in principle, give support to defendant's argument, in construing somewhat similar provisions of Workmen's Compensation statutes of other states. See, e. g., Kelley v. Girdler, 207 F.2d 703 (7th Cir. 1953) and Welsh v. Hafeman, 274 F.2d 79 (10th Cir. 1959). But, there are just as many, if not more, which have taken a contrary view. Newell v. Taylor, 212 Or. 522, 321 P.2d 294 (1958); Sundgren v. Topeka Transportation Co., 178 Kan. 83, 283 P.2d 444 (1955), and Magee v. McNany, 10 F.R.D. 5 (D.C.Pa. 1950).

■ The better rule, which is supported by better reasoning is, in substance, that Workmen's Compensation laws are for the benefit of employees primarily and for employers and their insurance carriers next, and that they are not designed to aid negligent third parties (not privy in any way to the compensation proceedings) to escape liability for their torts. This view is sup-

ported by the Supreme Court of Tennessee. See Keen v. Allison, 166 Tenn. 218, 60 S.W.2d 158 (1933) in which that court stated that the compensation law:

> was passed for the benefit of employers and employees. The statute is little concerned with the rights of third parties, negligent wrongdoers. * * No rights of the wrongdoer are affected. So far as he is concerned, it is not for him to say whether he be called upon to respond in damages at the suit of the employer or at the suit of the employee.

See also, International Harvester Co. v. Sartain, 32 Tenn.App. 425, 222 S.W. 2d 854 (1948).

Both *Keen* and *International Harvester* were cited with approval in Kimbrell v. United States of America, 306 F.2d 98 (6th Cir. 1962) in construing Workmen's Compensation Laws of Tennessee. The court, inter alia, said:

> * * * Though the Legislature of Tennessee speaks of an "assignment" of the cause of action to the employer, it does not necessarily mean that. The employer does not become the legal owner of all the claim against the third party wrongdoer. The employer's interest is purely a security interest to the extent of the amounts which it has paid or which are payable under the compensation act. In this case the remainder of the claim must belong to the appellee. * * * In other words, all that the statute authorized was a suit by the insurance carrier against the third party after one year. Here the United States, as wrongdoer, is claiming the benefit of the literal language in the statute, on the ground that at the time the suit was brought, because of the assignment to his employer, Dean Kimbrell was not the owner of the claim. This could not be, as the local statute has been construed by the Tennessee courts.

It is also well to note that the court in *Kimbrell* also held that the statute of limitations prescribed by Congress applied to this Federal Tort Claim action against a compensation third party wrongdoer, rather than limitations imposed by Tennessee Workmen's Compensation Law.

Defendant makes much of the fact that this court (Court of Appeals for the Sixth Circuit) reached a different result in Dinardo v. Consumers Power Company, 181 F.2d 104 (6th Cir. 1950). But, in that case, the court was dealing with compensation laws of Michigan—not Tennessee—and it was Erie [1] bound to apply the law of Michigan as it was in *Kimbrell* to apply the law of Tennessee, and it is obvious that the laws of these two states, as construed by their own state courts, are quite different.

 The cause of action here arose from a motor vehicle accident in Mississippi and resolution of the issues on the merits will thus be governed by the laws of Mississippi. Absent any Tennessee Workmen's Compensation Law, there is no question but that the Mississippi six year statute of limitations [Section 722.-7942, Mississippi Code 1942 Annotated (Recompiled)] would apply. To say that it should not apply here would be to give the third party wrongdoer [2] the advantage of a law which was not passed for its benefit at all and would be to go against the language used in dealing with that law by the courts of Tennessee and by federal courts in applying the law of Tennessee.

The plea in bar is not effective here and it will be overruled.

Order in accordance with this opinion will be entered.

---

1. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (1938).

2. This in no way decides any question of negligence or fault on the merits, nor does it limit or preclude defendant in any way on trial of the merits.