Forrest R. JAMISON and Diana L. Jamison, Plaintiffs-Appellants,

v.

Cathy Marie COOPER, David Carlton, and Darrell H. Carlton, Defendants-Appellees.

No. 84–8010.

United States Court of Appeals, Eleventh Circuit.

Feb. 27, 1985.

William C. Lanham, Johnson, Ward, Stanfield, Lanham & Carr, Atlanta, Ga., for plaintiffs-appellants.

John C. Parker, Savell, Williams, Cox & Angel, Atlanta, Ga., for defendants-appellees.

Before TJOFLAT and JOHNSON, Circuit Judges, and DUMBAULD *, District Judge.

DUMBAULD, District Judge:

Husband appellant, a resident of Tennessee, while standing near his truck off the highway in Atlanta in the course of his employment by a Tennessee employer, was seriously injured when struck by a 1973 Toyota driven by appellee Cooper. She and her boy friend Carlton were high school children who had run away. The car was owned by Carlton's father and when his

* Honorable Edward Dumbauld, U.S. District Judge, of the Western District of Pennsylvania, sitting by designation.

mother gave him the car keys he was told that he could use the car only to drive Cooper home and then proceed to his place of work. Appellant truckdriver received workmens' compensation from his employer. The accident took place on February 16, 1982, and the instant lawsuit was filed March 30, 1983.

Under Tennessee law a worker receiving workmens' compensation for an injury under circumstances creating a legal liability against someone other than the employer, may pursue his remedy against such tortfeasor, but such action against such other person by the injured worker "must be instituted ... within one (1) year from the date of injury." This Tennessee statute of limitation further provides that failure to sue within the year "shall operate as an assignment to the employer of any cause of action" which the workman may have against such tortfeasor, "and such employer may enforce same in his own name ... for such employer's benefit as such employer's interest may appear," and "the employer shall have six (6) months after such assignment within which to commence such suit." Tenn.Code Ann. § 50–6–112(d).

In reliance upon this statute of limitations the District Court on December 19, 1983, entered summary judgment in favor of appellees.

We are convinced that the District Court misinterpreted the impact of the Tennessee statute of limitations.

■ Since the collision causing the injury occurred in Georgia, the cause of action was created by Georgia law, and under the doctrine of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938), a federal court would apply Georgia substantive law. Full faith and credit does not require resort to the Tennessee statute. Under Georgia choice of law principles, the Georgia two-year statute would be applica-

ble, and appellants' action is not time-barred.

The cause of action sued upon in the case at bar having been created by Georgia law [1] and being a run-of-mine remedy at common law since the origins of trespass *vi et armis* and trespass on the case, we are not presented with the interesting question discussed in *Wells v. Simonds Abrasive Co.*, 345 U.S. 514, 517, 524, 73 S.Ct. 856, 857, 861, 97 L.Ed. 1211 (1953), which might arise where a novel type of remedy is created by statute and certain conditions and limitations are incorporated inextricably as an integral and inherent part of the cause of action itself. In such a case the conditions and limitations inseparably attached and annexed to the remedy might properly have to be given effect in whatever forum is invoked.

Instead, the general rule that statutes of limitations are procedural and that the forum applies its own governs the case at bar. *Butler v. Dravo Corp.*, 310 F.Supp. 1265, 1266 (N.D.Pa.1970).

The Tennessee statute of limitations involved in the case at bar was not enacted as a windfall to benefit tortfeasors. It was designed to enable a professional litigant (the employer's insurance carrier) to replace a hesitant or dilatory amateur plaintiff in collecting damages from the tortfeasor when the insurer has promptly advanced workmens' compensation benefits to the injured employee for which the insurance company is entitled to reimbursement from the tortfeasor. The statute is properly construed as affording the insurer a form of security for its outlay. Surely if it collected from the tortfeasor a greater amount than it had paid the injured employee in benefits, the surplus would be unjust enrichment to the company and held in trust for the benefit of the employee.

We accept the construction of the statute adopted by the courts of Tennessee and clearly explained by Judge Magruder in a Sixth Circuit case, *Kimbrell v. U.S.*, 306 F.2d 98, 99 (6th Cir.1962):

> Though the legislature of Tennessee speaks of an "assignment" of the cause of action to the employer, it does not necessarily mean that. The employer does not become the legal owner of all the claim against the third-party wrongdoer. The employer's interest is purely a security interest to the extent of the amounts which it has paid or which are payable under the compensation act. In this case the remainder of the claim must belong to the appellee. In fact, this was recognized by the court below in the judgment now under review. One paragraph of the order appealed from provides that, from the amount recovered against the defendant, "The Travelers Insurance Company, the insurer of Dean Kimbrell's employer's liability under the Tennessee Workmen's Compensation Act, shall be reimbursed for compensation benefits paid to Dean Kimbrell, less a pro rata portion of the attorney's fees hereinafter awarded." In other words, all that the statute authorized was a suit by the insurance carrier against the third party after one year.

The Sixth Circuit, in accordance with Tennessee cases, rejected the view that

> at the time suit was brought, because of the assignment to his employer Dean Kimbrell was not the owner of the claim. This could not be, as the local statute has been construed by the Tennessee courts. See *Keen v. Allison*, 166 Tenn. [(2 Beeler)] 218, 60 S.W.2d 158 (1933), in which the Tennessee court noted that the local compensation act "was passed for the

---

**1.** Just as the cause of action in *Graham v. Red Ball Motor Freight, Inc.*, 262 F.Supp. 49, 51 (N.D. Mississippi, Delta Div.1966), was created by Mississippi law. No contention has been advanced by any party that a different result would be produced if the "significant contacts" analysis, developed in recent conflicts of litigation, were

utilized instead of the traditional *lex loci delicti* rule.

Even if *Willis v. Weil Pump Co.*, 130 F.Supp. 896, 899 (S.D.N.Y.1954), aff'd 222 F.2d 261 (2d Cir.1955), is not simply rejected as unsound, its facts are different in that Willis was injured in Tennessee. See 262 F.2d at 50.

benefit of employers and employees. The statute is little concerned with the rights of third parties, negligent wrongdoers. * * * No rights of the wrongdoer are affected. So far as he is concerned, it is not for him to say whether he be called upon to respond in damages at the suit of the employer or at the suit of the employee." See also *International Harvester Co. v. Sartain,* 32 Tenn.App. 425, 222 S.W.2d 854 (1948). [306 F.2d at 100.]

Since we are satisfied that the interpretation of the statute adopted by the Sixth Circuit is sound, the judgment below is

REVERSED.

Jack R. Miller, Circuit Judge, dissented and filed opinion.