HARRY WILTON, Respondent, v. GOETEL RADISH et al., Appellants, et al., Defendants.— Appeal by defendants Goetel Radish and Radspi Realty & Coal Corporation from an order made December 30, 1943, which granted the motion of the plaintiff to add as a party plaintiff the Phœnix Indemnity Company, and which permitted the plaintiff to serve an amended complaint in which the Phœnix Indemnity Company should be added as a party plaintiff. Order affirmed, with ten dollars costs and disbursements. The court had the right to bring in the Phœnix Indemnity Company as a party plaintiff under the circumstances of this case. (*Wilton* v. *Radish*, 266 App. Div. 974; *Van der Stegen* v. *Neuss, Hesslein & Co.*, 270 N. Y. 55; *National Mortgage Corp.* v. *Deering*, 290 N. Y. 574; *Weldon* v. *United States*, 65 F. 2d 748.) Close, P. J., Hagarty, Carswell, Lewis and Aldrich, JJ., concur. [See *post*, p. 987.]

HARRY WILTON et al., Respondents, v. GOETEL RADISH et al., Appellants, et al., Defendants.— Appeal by defendants Goetel Radish and Radspi Realty & Coal Corporation from an order made March 2, 1944, which denied the motion of said defendants to dismiss the first cause of action contained in the amended complaint by plaintiff Wilton against defendant Skonski, upon the ground that his cause of action does not state facts sufficient to constitute a cause of action, because he is not the real party in interest, and because his cause of action did not accrue within the time limited by law for the commencement thereof; and which denied the motion of said defendants to dismiss the second cause of action contained in the amended complaint pleaded on behalf of the plaintiff Phœnix Indemnity Company against the defendants Goetel Radish and Radspi Realty & Coal Corporation upon the ground that the alleged cause of action set forth in behalf of the Phœnix Indemnity Company did not accrue within the time limited by law for the commencement of an action thereon. Order modified on the law and the facts by striking therefrom the first decretal paragraph and inserting in place thereof a provision severing the first cause of action by Harry Wilton against John Skonski from the second cause of action by Phœnix Indemnity Company against appellants. As thus modified the order is affirmed, without costs. Wilton is not the real party in interest and the action must be brought in the name of the real party in interest. (Workmen's Compensation Law, § 29; Civ. Prac. Act, § 210; *Wilton* v. *Radish*, 266 App. Div. 974.) The action by Phœnix Indemnity Company is not barred by the Statute of Limitations. (*Wilton* v. *Radish, supra; Van der Stegen* v. *Neuss, Hesslein & Co.*, 270 N. Y. 55, and cases therein cited; *Weldon* v. *United States*, 65 F. 2d 748; *National Mortgage Corp.* v. *Deering*, 290 N. Y.

574.) The Phœnix Indemnity Company, however, has no standing to defend the action on behalf of Skonski, who is in default, for which reason the action is severed as to him. Close, P. J., Hagarty, Carswell, Lewis and Aldrich, JJ., concur. [See *post*, p. 987.]