MORRIS WEINGARTEN, Plaintiff, *v.* OSCAR COHEN et al., Individually and as Copartners Doing Business as MERIT DISPLAY CARD Co., Defendants.

Supreme Court, Special Term, Bronx County, November 16, 1948, on reargument, December 3, 1948.

*Alexander Jacobson* for defendants.

*Abraham E. Glick* for plaintiff.

HAMMER, J. Defendant moves for summary judgment under rule 113 of the Rules of Civil Practice. The ground upon which it is sought to strike the complaint is that it appears as a matter of documentary proof that the Statute of Limitations has run. Plaintiff, an employee covered by compensation, was injured sometime prior to June 17, 1946. On that date an award was made him in compensation. On December 11, 1946, process in this action was delivered to the sheriff for service which was effected on December 20, 1946. The applicable Statute of Limitations for the institution of actions such as this is six months (Workmen's Compensation Law, § 29). Plaintiff contends that since notice of the award was mailed not earlier than the date it was made, or on June 17, 1947, the six-month statute did not commence to run for three days thereafter. In making this contention reliance is placed on section 164 of

the Civil Practice Act. The point is not well made. Section 164 is not applicable. Its application is limited by its very provisions to situations " Where it is prescribed by statute or in the rules of civil practice that a notice must be given or a paper must be served ". Section 29 of the Workmen's Compensation Law starts the statute in operation by the making of the award not by the service of notice thereof. No provision for service of notice of the award appears in said section. The attempt to bring plaintiff's position within the cases holding that under section 23 of the Workmen's Compensation Law the time to appeal is extended for three days after the limited period where notice of the award is served by mail must also fail. The attempt to show any analogy between sections 23 and 29 is defective because of the presence of a requirement of notice in section 23 and its absence in section 29. The delivery of the process to the sheriff within the statutory period avails plaintiff nought. Section 17 of the Civil Practice Act again by its very provisions is not applicable. It applies to the commencement of actions " within the meaning of each provision of this act [Civil Practice Act] which limits the time for commencing an action ". The time limitation with which plaintiff is concerned is in the Workmen's Compensation Law and not in the Civil Practice Act as has been held in *Duffy* v. *Thames Trading Co.* (66 N. Y. S. 2d 579). The motion is accordingly granted and the complaint dismissed. No leave to plead anew is granted for the reason that a cause cannot be stated without allegations which would be sham on their face.

(On reargument, December 3, 1948.)

The communications of counsel are considered in the nature of an application for reargument which is granted. On reargument the original disposition is adhered to. It appears that the Statute of Limitations is put in operation by the making of the award and not by giving notice thereof (*Carter* v. *Brooklyn Ladder Co.*, 265 App. Div. 39). The determination made is without prejudice to the rights of any person under the assignment provision contained in subdivision 2 of section 29 of the Workmen's Compensation Law.