Louis Plumitallo, Plaintiff, *v.* 1407 Broadway Realty Corp. et al., Defendants.

Supreme Court, Special Term, Kings County, October 24, 1951.

*John P. Smith* for Thomas Hooker, sued herein as " John Doe ", defendant.

*Francis L. Giordano* for plaintiff.

Di Giovanna, J.   On this motion to dismiss the complaint against the defendant Hooker it appears that the plaintiff commenced third-party actions against several defendants prior to the expiration of the six-month period provided in section 29 of the Workmen's Compensation Law; and that it was not until after the expiration of the said six-month period that service of summons was effected upon the defendant Hooker.   The defendant Hooker now claims that the defense set forth in its answer required judgment for the defendant, dismissing the complaint against said Hooker, because of the failure of the plaintiff to comply with the provisions of section 29.   In the case of *Eisenberg* v. *Adler Realty Co.* (299 N. Y. 572) the following question was certified to the Court of Appeals:  " Where an action has been commenced by an injured employee against a third party within the time limitation prescribed by Section 29, subdivisions 1 and 2 of the Workmen's Compensation Law of the State of New York, viz., within six months of the taking of compensation under an award, and in any event before the expiration of one year from the date such action accrues, may the plaintiff bring in additional third party defendants, upon motion, after the expiration of said time limitation? "   The Court of Appeals answered the question in the negative.

That decision would seem to be decisive of the question raised herein were it not for the amendment to section 29 of the Workmen's Compensation Law in April, 1951, effective September 1, 1951 (L. 1951, ch. 527).   Generally the amended provision requires a thirty-day notice by the insurance carrier to the injured person requiring him to commence an action within the thirty-day period so as to prevent the automatic assignment of the cause of action.

The defense setting forth the provisions of said section 29 was interposed in an answer served on August 16, 1951.   However, no motion was made until the date of this instant motion. The court, therefore, feels that the failure of the defendant or

the compensation carrier to give thirty-day notice to the plaintiff after September 1, 1951, prevents an assignment of the cause of action existing against the said defendant Hooker.

The failure of the defendant to have made timely motion prevents him from now asserting his right as it existed under section 29 before the amendment.

This motion is, therefore, denied.