RUSSELL OLKER, Planitiff, *v.* CONSTANTINO SALOMONE, Doing Business as SOUNDVIEW FIRE PROOFING Co., et al., Defendants.

Supreme Court, Special Term, Kings County, August 20, 1952.

*J. Philip Gillespie* for defendants.

*Jesse A. Falzone* for plaintiff.

Moss, J. This is a motion by defendants for leave to serve an amended answer. They are sued in negligence as a result of injuries sustained by plaintiff on October 31, 1950, while in the employ of Rapid Contracting Corporation, which is not a party to this action. The employer provided workmen's compensation coverage and the plaintiff received compensation awards commencing in February, 1951. This action was begun some eight months later on October 29, 1951. Prior to an amendment in 1951 of section 29 of the Workmen's Compensa-

tion Law, if an injured employee elected to take compensation and failed to institute an action against a third-party tortfeasor before the expiration of six months from the time of an award, there was an automatic assignment of his claim to the insurance carrier paying such compensation. The six-month period expired on or about August 23, 1951. The 1951 amendment (L. 1951, ch. 527) conditioned the assignment on the service of a notice by the insurance carrier to the injured workman. Defendants assert that plaintiff's rights are governed by the law as it existed prior to the 1951 amendment while plaintiff takes the view that the amendment should be construed retroactive in effect. If the defendants are correct, the cause of action was automatically assigned on or about August 23, 1951, to the insurance carrier for plaintiff's employer, the Rapid Contracting Corporation, and therefore the plaintiff was not the proper party plaintiff to institute this action.

The provisions of subdivision 2 of section 29 of the Workmen's Compensation Law as amended, stated that the failure of an injured employee to commence an action within the aforesaid time " shall not operate as an assignment of the cause of action " unless the insurance carrier shall have notified the injured workman in writing by personal service or registered mail at least thirty days before the expiration of the time limited for the commencement of the action that the failure to commence an action would operate as an assignment to the insurance carrier.

No notice was given plaintiff by the insurance carrier of plaintiff's employer. In fact, such insurance carrier placed a lien upon the proceeds of any recovery by the plaintiff in this action whether by judgment, settlement or otherwise for the amounts expended by the insurance carrier. In addition the action was started within one year from the date the action accrued, as required under section 29.

The purpose of the amendment to subdivision 2 of section 29 of the Workmen's Compensation Law was to protect the injured workman. In addition it constituted an enlargement of the time within which an action could be brought. Such statutes should be construed liberally so as to encompass pending cases. In addition, the action of the insurance carrier for plaintiff's employer in filing a lien on any recovery by plaintiff constituted a tacit agreement on the part of his employer's insurance carrier that plaintiff may proceed in this action and constituted a waiver by it of any rights it might have had to institute the action.

A further point might be noted. The law in effect at the time of the award of compensation (Workmen's Compensation Law, § 29, subd. 1) expressly provided that suit by an injured workman may be commenced " within six months after the awarding of compensation or within nine months after the enactment of a law or laws creating, establishing or affording a new or additional remedy or remedies." The amended language of subdivision 2 of section 29 of the Workmen's Compensation Law might well be regarded as affording an additional remedy.

In view of the foregoing construction of the applicable law it would be futile for defendants, and prejudicial to plaintiff, to allow the proposed amended answer to be interposed. Accordingly the motion is denied. Settle order on notice.