ALLAN BEDSOLE, Plaintiff, *v.* CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant and Third-Party Plaintiff. J. LIVINGSTON & COMPANY, Third-Party Defendant.

Supreme Court, Special Term, Kings County, November 20, 1952.

*Bounds & Wourms* for defendant and third-party plaintiff.

*Melvin Sacks* for plaintiff.

*William S. O'Connor* for third-party defendant.

Hart, J. This is a motion for summary judgment by the defendant Consolidated Edison Company against the plaintiff pursuant to rule 113 of the Rules of Civil Practice.

Plaintiff was injured in the defendant's plant on December 13, 1948, while working there for his employer, the third-party defendant, J. Livingston & Company. On March 18, 1949, the Workmen's Compensation Board made the first award of compensation to the plaintiff in the sum of $224 for the injuries he had sustained and on September 26, 1949, plaintiff commenced the present third-party action. On May 21, 1951, the " Compensation carrier " for plaintiff's employer, the Aetna Casualty & Surety Company, instituted an action against the Consolidated Edison Company of New York to recover the same damages which are the subject of the present action.

It is the defendant's contention that the plaintiff was no longer the holder of the cause of action sued on herein when he brought this action and that the same had been assigned by operation of law to the carrier, the Aetna Casualty & Surety Company, who paid plaintiff's compensation. There is no doubt but that under the provisions of section 29 of the Workmen's Compensation Law as they read prior to September 1, 1951, plaintiff's time to commence this action expired six months after March 18, 1949, the date when the first award of compensation was made. (*Carter* v. *Brooklyn Ladder Co.*, 265 App. Div. 39; *Nelson* v. *Buffalo Niagara Elec. Corp.*, 264 App. Div. 941, affd. 292 N. Y. 600.)

Effective September 1, 1951, section 29 was amended (L. 1951, ch. 527) to provide that before an assignment of the injured person's third-party action could be effected to the insurance carrier a thirty-day notice of the expiration of the time limit fixed in the statute had to be given to the injured person by the carrier. The limitation periods of six months and one year set forth in the original statute, however, remained the same.

Here the insurance carrier instituted its action on May 21, 1951, which was long prior to the effective date of the amendment under section 29. The question presented, therefore, is whether the Legislature intended that the amendment to section 29 was to have retroactive application. It would seem to me that the language of the amendment does not indicate any such

legislative intent to have the amended act include actions commenced before the statute took effect. The rights of the parties had already been vested by operation of law (*Nelson* v. *Buffalo Niagara Elec. Corp., supra*) and in the circumstances it would appear unlikely that the Legislature intended to disturb such existing rights. (*Orinoco Realty Co.* v. *Bandler,* 233 N. Y. 24, 28; *Adliss* v. *Selig,* 264 N. Y. 274.) This court will follow the conclusion reached in the case of *Selerto* v. *Brooklyn Steel Warehouse Co.* (N. Y. L. J., Feb. 1, 1952, p. 447, col. 2) where the court held under a similar state of facts that the amendment was not retroactive and that it did not operate as " a reassignment back of the claim from the carrier to the injured party ".

Defendant's motion for summary judgment is granted.