**PASCHALL v. MOONEY.**

United States District Court
S. D. New York.
Feb. 14, 1953.

Harry E. Kreindler, New York City (Lee S. Kreindler, New York City, of counsel), for plaintiff.

William C. Morris, New York City (Charles Bakos, New York City, of counsel), for defendant.

RYAN, District Judge.

This suit comes on to be heard on motion of the plaintiff to add the Liberty Mutual Insurance Company as a party plaintiff, and on motion of defendant to grant summary judgment to her upon the ground that plaintiff is no longer the real party in interest and that the claim pleaded has been assigned by operation of law to Liberty Mutual Insurance Company. Plaintiff in support of his motion submits a petition and consent of Liberty Mutual that it be joined as a party plaintiff, so that its rights against defendant vis-a-vis plaintiff may be determined in this suit.

The action is brought to recover for injuries plaintiff alleges he sustained on August 8, 1950, in Dutchess County, New York, when he was struck by an automobile owned by the defendant. At the time of the accident, plaintiff was in the performance of his work as an employee of Raymond Concrete Pile Company, a New York corporation, and the Liberty Mutual Insurance Company was his employer's compensation insurance carrier.

Plaintiff is a resident of New Jersey; defendant, of New York; jurisdiction is predicated on diversity of citizenship. The action was commenced by the service of the summons and complaint on August 23, 1951, Ragan v. Merchants' Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520, which was more than six months after the first award and acceptance of compensation and not within one year of the date of the accident.

It appears from affidavit of plaintiff's attorneys that plaintiff has made claim for compensation under Workmen's Compensation Law of New York, and under that claim has received an award of $57.60, on December 29, 1950, and of $6.40, on May 4, 1951, and that medical expenses of plaintiff have also been paid by his employer's compensation carrier in the sum of $66.

Defendant by answer pleads as an affirmative defense that plaintiff is not the real party in interest in that Liberty Mutual is now by operation of Section 29(2) of the Workmen's Compensation Law, McK. Consol.Laws, c. 67, the statutory assignee of the claims pleaded in the complaint.

I have held that the amendment to Section 29(2), Chapter 527, Laws of New York 1951, has no retroactive effect. Werkley v. Koninklijke Luchtvaart, etc., D.C., 110 F. Supp. 746. The decision of Judge Holtzoff reported in Commissioners of State Ins. Fund v. United States, D.C.1947, 72 F. Supp. 549, is not applicable and not a holding to the contrary. However, two decisions of the Supreme Court of the State of New York, sitting as a *nisi prius* court in Kings County, are now cited by plaintiff as bringing into question the correctness of the Werkley decision that the amendment to Section 29(2) has no retroactive effect, — Plumitallo v. 1407 Broadway Corp., 201 Misc. 277, 108 N.Y.S.2d 448, and Olker v. Salomone, Sup., 115 N.Y.S.2d 373. In Plumitallo it was clearly held that the amendment was retroactive; in Olker it was held that the amendment applied to pending litigation and that a compensation carrier may by "tacit agreement" waive "any rights it might have had to institute the action." 115 N.Y.S.2d at page 375.

The Supreme Court wrote in King v. Order of Travelers, 1947, 333 U.S. 153, 157, 68 S.Ct. 488, 491, 92 L.Ed. 608, that " * * * a state may shape its own law in any direction it sees fit, and it is inadmissible that cases dependent on that law should be decided differently according to whether they are before federal or state courts." This court is not at liberty to reject the decisions of the New York Su-

preme Court "merely because it did [does] not agree with their reasoning." Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 179, 61 S.Ct. 176, 179, 85 L.Ed. 109.

But there is an apparent conflict in the *nisi prius* courts of New York State as to whether the amendment to Section 29(2) is to be given retroactive effect. There is cited by defendant a decision of the same State Supreme Court, Kings County—Bedsole v. Consolidated Edison Co., Sup., 118 N.Y.S.2d 192, holding that the New York State Legislature did not intend to disturb existing and vested rights and that the amendment was not retroactive.

I recognize that the fact that the state law here involved may seem to be uncertain and that the question has not yet been answered by the State Court of Appeals or by an Appellate Court of the State does not relieve this court of its duty, since jurisdiction has been properly invoked, "to decide questions of state law whenever necessary to the rendition of a judgment." Meredith v. City of Winter Haven, 1943, 320 U.S. 228, 234–235, 64 S.Ct. 7, 11, 88 L.Ed. 9. Although I adhere to my holding in the Werkley case that the amendment has no retroactive effect, I cannot say that the existing state courts decisions have finally so determined. The basic claim asserted by both the plaintiff and Liberty Mutual is the same and only the right to assert and enforce it is in doubt, for the beneficial interest in the claim otherwise remains unchanged by the amendment to Section 29(2). A suit to enforce the claim by Liberty Mutual would survive defendant's motion to dismiss, and a denial of plaintiff's motion and of Liberty Mutual's petition to join as a party plaintiff would only result in the filing by it of a separate suit with factual issues identical to those in the instant suit. Substantial justice will be accomplished by permitting joinder and denying the motion to dismiss in the hope that when the suit comes on for trial we shall have a decision of the state appellate court on Section 29(2) and its effect upon the rights of the litigants here involved.