JOHN FARRELL et al., Plaintiffs, *v.* AMERICAN BEVERAGE CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, February 26, 1953.

*William M. Perry* for American Beverage Corporation, defendant.

*Bert W. Hendrickson* and *James J. McDermott, Jr.,* for Owens Illinois Glass Co., Inc., defendant.

*J. Frank O'Connor* for plaintiffs.

MATTHEW M. LEVY, J. There are before me for disposition two motions, one by each defendant, seeking to sever the supplemental complaint as against it, and, pursuant to rule 107 of the Rules of Civil Practice, to dismiss each of the causes of action alleged therein.

The plaintiff Farrell commenced this action on June 26, 1951, to recover for personal injuries which resulted from the explosion on June 27, 1949, of a bottle of ginger ale, which bottle was manufactured by the defendant Owens Illinois Glass Co., and filled with the carbonated liquid by the defendant American Beverage Corporation. The accident occurred in the course of Farrell's employment with a retailer of the soda water.

Section 29 of the Workmen's Compensation Law at that time provided that if an injured employee did not commence a third-party action within six months from the date of the compensation award and, in any event, within one year from the date his right of action accrued, the cause of action was thereby assigned by operation of law to his employer or its insurance carrier, whichever had paid compensation to him. Pursuant to a policy of workmen's compensation insurance issued to Farrell's employer, the plaintiff London Guarantee and Accident Company, Ltd., duly paid Farrell the benefits prescribed under the Workmen's Compensation Law, which included an award for his injuries. As a consequence, Farrell's right to commence this action for his own benefit expired under the Workmen's Compensation Law on June 26, 1950, at the latest. In commencing this action in June, 1951, he was a year too late, so far as preserving a cause of action in himself was concerned. (*Wilton* v. *Radish,* 267 App. Div. 970; *Eisenberg* v. *Louis Adler Realty Co.,* 299 N. Y. 572.)

But, the plaintiff Farrell urges, section 29 was subsequently amended so as to change the law, and that he is entitled to the

benefit of the change. Effective as of September 1, 1951, the section was amended (L. 1951, ch. 527) to provide that no assignment thereunder shall take place unless and until the employer or insurance carrier shall have given the injured employee thirty days' notice of his right to commence a third-party action and he shall have failed to do so. This was, obviously, a needed salutary change of justice and of substance. But it is equally clear that the new provision became effective some fourteen months after Farrell's rights had by operation of law been assigned to London, and that this assignment was complete and at rest before the amendment became operative. The amendment did not provide for a reassignment from the carrier to the employee. The amendment did not indicate that it was intended to restore to or revive in the assignor a cause of action that had already been assigned. This being so, the amendment cannot be construed to have any retroactive effect. While I have not been cited, nor have I been able to find, any appellate decision on the question (see *Paschall* v. *Mooney,* U. S. Dist. Ct., S. D. N. Y., Feb. 14, 1953, RYAN, J.), it is not without significance that *Plumitallo* v. *1407 Broadway Realty Corp.* (201 Misc. 277), which held that the amendment is retroactive, was affirmed on a different ground (279 App. Div. 1019), and that there are a number of *nisi prius* decisions on the matter in agreement with my view. (*Komlos* v. *Compagnie Nationale Air France,* U. S. Dist. Ct., S. D. N. Y., July 14, 1952, LEIBELL, J.; *Werkley* v. *Koninklijke Luchtvaart Maatschappi N. V. Royal Dutch Airlines Holland,* U. S. Dist. Ct., S. D. N. Y., Jan. 28, 1952, RYAN, J.; *Bedsole* v. *Consolidated Edison Co. of N. Y.,* 203 Misc. 194; *Selerto* v. *Brooklyn Steel Warehouse Co.,* N. Y. L. J., Feb. 1, 1952, p. 447, col. 2.) The case of *Olker* v. *Salomone* (202 Misc. 1041) is clearly distinguishable.

I conclude, therefore, on this point, that Farrell has no present cause of action against either defendant American or defendant Owens. The real party in interest as to whatever cause of action he had is London. So much of the two motions as is directed to a dismissal of Farrell's cause of action is granted (Civ. Prac. Act, § 210). I pass to other problems.

The notice of motion of the defendant American seeks judgment '' dismissing the severed supplemental complaint, and each of the causes of action alleged therein ''. Its supporting papers, however, make no reference to the second cause of action, which is by the plaintiff London. The moving affidavit of the attorney for the defendant American states that '' A copy of the supple-

mental summons and complaint was served on the defendant, American Beverage Corporation, on June 23, 1952. The supplemental summons and complaint was thus served on this defendant three days prior to the expiration of the Statute of Limitations ''. On this defendant's own statement, it is patent that there is no basis for the dismissal of the cause of action of London against the defendant American, and this portion of the motion by the defendant American is accordingly denied.

The motion by the defendant Owens, which seeks dismissal of the cause of action of the plaintiff London as against it, presents a different and more difficult problem. On June 13, 1952, the plaintiff Farrell served upon the defendant's attorneys moving papers for leave to join London as a new party plaintiff, and to serve a supplemental summons and complaint, setting up a cause of action in London. Attached to these moving papers were the proposed supplemental summons and complaint. The motion was granted, and, on July 3, 1952, the supplemental summons and complaint were served upon the defendant Owens. This defendant contends that, when London sued Owens, more than three years had quite obviously elapsed after the cause of action had accrued and that as a consequence the Statute of Limitations is a bar to its prosecution. Let me analyze the reasons advanced in opposition to this contention, the bad and the good, and dispose of the issue.

In the first place, the earlier service of the motion papers for leave to serve the supplemental summons did not save the day for the plaintiff. It is now clear law that the fact that the application to the court for leave to serve the supplemental complaint upon the defendant Owens was made prior to the expiration of the three-year statutory period does not suffice to defeat the defendant's plea of the Statute of Limitations. In *Arnold* v. *Mayal Realty Co.* (299 N. Y. 57, revg. 274 App. Div. 1), the Court of Appeals held that a death action against a defendant who was brought in upon the service of a supplemental summons and complaint was not timely commenced where the service was made more than two years (Decedent Estate Law, § 130) after the death of the plaintiff's intestate, although the motion papers to which copies of the supplemental summons and complaint were annexed were served prior to the expiration of the two-year period. The court said (299 N. Y. 60), that '' The service of the motion papers cannot be enlarged beyond their express scope which was to bring in

Meenan as an additional defendant.'' And so in the case at bar, although the motion papers (to which were annexed the *proposed* supplemental summons and complaint) were served prior to the expiration of the three-year statute, the *definitive* service of process (that is, the actual service of the supplemental summons and complaint) was in fact made on the defendant Owens after the three-year period had elapsed.

Nor can the service of the supplemental summons and complaint on the defendant Owens be deemed timely on the basis that service on the codefendant American had been effected within appropriate time. True, section 16 of the Civil Practice Act provides that under certain circumstances an action is commenced against a defendant when a summons is served on a codefendant. This section however is not applicable unless the two defendants are '' joint contractors '' or '' otherwise united in interest ''. And that is not the situation at bar. This is not a case, for example, like *Croker* v. *Williamson* (208 N. Y. 480), where legatees under a will are united in interest in an action for the construction of the will; nor, as in *Cappello* v. *Union Carbide & Carbon Corp.* (200 Misc. 924), where a grantor-grantee relationship exists under a contract wherein the grantee undertakes to pay the liabilities of the grantor; nor, as in *Prudential Ins. Co. of America* v. *Stone* (270 N. Y. 154), where a beneficiary under an insurance contract is sued by the insurance company in an action to cancel the policy on the ground of the insured's fraudulent representations; nor, as in *Plumitallo* v. *1407 Broadway Realty Corp.* (279 App. Div. 1019, *supra*), where the action in negligence is against the employer and the employee; nor, as in the case of *Davison* v. *Budlong* (40 Hun 245), where comakers on a note are sued; nor, as in *Howell* v. *Dimock* (15 App. Div. 102), where partners are sued as to a firm note. In all of these cases and in others like them, the courts held that the parties '' must stand or fall together '', and that they were '' united in interest '', and therefore section 16 was applicable. In the instant case however the defendant American and the defendant Owens are not claimed or alleged to be united in interest. As has already been pointed out, the supplemental complaint alleges in substance that the accident to the plaintiff Farrell occurred when a bottle manufactured by the defendant Owens and filled and capped by the defendant American exploded while the plaintiff Farrell was engaged in the service of his employer. The liability of the defendants American and Owens can thus be both joint and several, but

neither is responsible for the acts or omissions of the other. Either defendant could be held legally liable or not liable without a like finding as to the other defendant, and accordingly there is no unity of interest. (*Maguire* v. *Yellow Taxi Cab Corp.*, 278 N. Y. 576.)

Advancing to another phase of their argument, the plaintiffs rely upon the leading case of *Van der Stegen* v. *Neuss, Hesslein & Co.* (270 N. Y. 55). There the defendant breached its contract in May, 1920. Prior to the expiration of the six-year Statute of Limitations, and in February, 1926, an action was commenced by the individual plaintiff to recover damages for the breach. Subsequently, the individual plaintiff was adjudicated bankrupt, and, in September, 1926 — three months after the expiration of the Statute of Limitations — a motion was made to substitute the trustees in bankruptcy as the plaintiffs in the action. The defendant contended that the trustees should not be brought into the action as the statute had run against them. The New York Court of Appeals, saying (p. 59) that '' The bankrupt and his trustees are alike interested in an asset such as this claim against the defendant '', held that the action was timely instituted and in effect that the action brought by the original plaintiff was being continued in the name of the trustees who are the representatives of the individual plaintiff.

The plaintiffs must no doubt recognize an Achilles' heel in that reliance. For, in the *Van der Stegen* case (*supra*) it is clear that, at the time when the individual plaintiff sued, there was an existent cause of action which could pass to his trustees in bankruptcy; but in the case at bar, when Farrell instituted his suit, he had no cause of action, for it had already passed to the insurance carrier. It cannot be denied that there is some logical cogency to this position — that is, that, in the instant case, Farrell, by very operation of law, had already been denuded of his cause of action before he instituted the suit, and therefore that London, as Farrell's assignee, cannot successfully rely upon that suit as a basis for the claim that London's action had been instituted prior to the expiration of the three-year limitation.

For myself, I confess that I cannot in justice dispose of the issue on the basis of higher logic alone. But as life is not, therefore law cannot always be, governed by the niceties and precision of logic without more. Weighted, as reason must be, by the recognized mandate of public policy, I hold that the cause of action by London is not barred, and the motion to dismiss

it must be denied. While the plaintiffs have not spelled it out, I find myself convinced — on the basis of logic intermingled with public policy — by the counter-argument, which runs something like this:

Farrell concededly instituted his suit within the period of the Statute of Limitations established by the Civil Practice Act (§ 49, subd. 6); the fact that Farrell commenced his action more than one year (Workmen's Compensation Law, § 29, subd. 2) after the accident is immaterial, because the intent and function of the Workmen's Compensation Law was not to establish a new and shorter Statute of Limitations, diminishing the normal period for the institution of an employee's personal injury action as prescribed in the Civil Practice Act, but rather to effectuate an automatic assignment for the protection of the employer or insurance carrier (*Grossman* v. *Consolidated Edison Co. of N. Y.*, 268 App. Div. 875, 876, affd. 294 N. Y. 39); the only defect in Farrell's claim was not in its merits but that by operation of law his cause of action had passed to London, and thus Farrell was not the real party in interest (Civ. Prac. Act, § 210); the defendants had not, prior to London coming into the case, moved to dismiss Farrell's action; the purposes of the Statute of Limitations are to make a defendant aware of a claim early enough to enable him to prepare to defend and to protect the judicial process from the consideration of stale claims, and the defendants and the courts here were with due promptness made aware of the impending litigation; the basic cause of action upon which London relies is the identical cause initially sued upon by Farrell; while Farrell as the injured employee cannot himself enforce the cause of action for himself, the claim is nevertheless there, and when he proceeds to institute an action upon it within the period of the Statute of Limitations, the public policy of that statute is well conserved, even though the ultimate plaintiff is the employer or compensation carrier; section 29 was enacted into the framework of workmen's compensation insurance to protect the employer and the carrier, not the injuring third party (*Massi* v. *Alben Builders,* 270 App. Div. 482, affd. 296 N. Y. 767); by virtue of the statute, the carrier has an inchoate right to sue on its own, which — while suspended pending the determination by the injured employee as to whether he himself is to sue — is preserved and protected by the employee for the benefit of the carrier when the employee institutes such suit within the period of the Statute of Limitations (*National Mtge. Corp.* v. *Deering,* 290

N. Y. 574); thus, as assignee, London has the full benefit of Farrell's claim as against the third-party defendants, but by virtue of the Workmen's Compensation Law, it is not subject to the infirmity arising from Farrell's personal inability to prosecute the claim; true, London is the legal owner by virtue of the automatic assignment enforced by operation of law, and therefore London is the real party in interest as that term is used to determine who may conduct the lawsuit and receive the proceeds (Civ. Prac. Act, § 210); but those proceeds are not always for the compensation insurance carrier to keep for itself; Farrell, as the injured employee, would be entitled to a share of the proceeds of the carrier's recovery in this third-party action, if the recovery exceeded the amount of the compensation award (Workmen's Compensation Law, § 29, subd. 3); Farrell and London are thus alike interested in the present claim; in the language of the *Van der Stegen* opinion, the action brought by Farrell as the original plaintiff is being continued in the name of London, the compensation carrier, which is the representative of the injured employee as well as of itself in this lawsuit; consequently, the Statute of Limitations has not expired as against London's cause of action.

*Wilton* v. *Radish* (266 App. Div. 974, 267 App. Div. 970, motion for leave to appeal to the Court of Appeals denied 267 App. Div. 987) is quite helpful on this issue. There, the employee was injured in September, 1939; he instituted the action in April, 1942, which was not within the time specified in the Workmen's Compensation Act. In June, 1943, more than three years after the accident, the defendant moved to amend the answer to plead the assignment under the Workmen's Compensation Law, and the plaintiff cross-moved to change the party plaintiff to the insurance carrier. The Appellate Division, in reversing the lower court's denial of permission to the defendant to amend the answer, stated that " It may be that his (the injured plaintiff's) ultimate interest can be protected by substituting the proper party plaintiff " (266 App. Div. 974). Thereafter, and in October, 1943, the plaintiff moved for leave to add the insurance carrier as a party plaintiff. This motion was granted, and the order was affirmed on appeal. The Appellate Division said that " Wilton [the injured employee] is not the real party in interest and the action must be brought in the name of the real party in interest. * * *. The action by Phoenix Indemnity Company [the compensation carrier] is not barred by the Statute of Limitations ". (267 App. Div. 970.)

It might be noted that *Wilton* v. *Radish* (*supra*) was cited with approval in the case of *Wallis* v. *United States* (102 F. Supp. 211, 213), where the fact that the owner of furniture had brought an action within due time to recover under the Federal Tort Claims Act (U. S. Code, tit. 28, § 1291 *et seq.*) for loss sustained as the result of the negligence of the United States in storing the articles, saved the action for the owner's insurer, even though it came into the case after the Statute of Limitations had run. The United States District Court for the Eastern District of North Carolina held that the owner was merely the nominal plaintiff and that the real party in interest was the insurer, and that accordingly the addition of the insurer "subsequent to the running of the Statute of Limitations relates back to the commencement of the action and that, therefore, the action is not barred by the Statute of Limitations." (P. 212.)

It should be noted too that the Court of Appeals in the *Van der Stegen* (*supra*) case cites *Weldon* v. *United States* (65 F. 2d 748), where a stevedore had been injured while working on a vessel. He elected to take compensation from his employer under the terms of the Longshoremen's and Harbor Workers' Compensation Act. By the operation of that law his cause of action was thereby assigned to his employer. Thereafter, although he had no cause of action — since it had been assigned to his employer, he filed a libel against the United States, as owner of the vessel, claiming that his injuries had been caused by the negligence of the vessel or her owner. After the expiration of a two-year period of limitation within which to bring such an action, a motion was made to substitute the employer as libellant. The United States Circuit Court of Appeals for the First Circuit held that no new cause of action was introduced by the proposed amendment, that the claim was in no way altered, and that by the amendment it was sought merely to substitute a new party plaintiff.

Accordingly, the motions are disposed of as follows: The cause of action of Farrell as against each defendant is dismissed. The motion of each defendant to dismiss the cause of action of London against it is denied. Settle order on each motion separately.