MORTON ROSE, Plaintiff, *v.* SUN OIL Co. et al., Defendants.

Supreme Court, Special Term, Kings County, September 23, 1953.

*Elmer Drier* for plaintiff.

*Carter & Conboy* for Sun Oil Co., defendant.

BRENNER, J. Although plaintiff states in his notice of motion that he seeks to strike out the separate defense in the answer of the corporate defendant " as sham " (i.e., factually false), pursuant to rule 103 of the Rules of Civil Practice, it is evident that the basis of the relief sought is that such defense is " frivolous " (i.e., insufficient in law). The notice of motion, in later language, couples both falsity in fact and law as the grounds relied upon. It may be treated, therefore, as a motion to strike the defense as frivolous.

This is a negligence action against third-party defendants. Plaintiff was injured on December 16, 1950, while working in covered employment under the New York Workmen's Compensation Law. He received a compensation award payment commencing June 19, 1951. Pursuant to the provisions of section 29 of the Workmen's Compensation Law, as it then stood, plaintiff had the option to take such award and still sue the third party allegedly responsible for causing his injury provided he did so not later than six months from the receipt of the compensation award or not later than one year from the date of the injury. Such six months' period in this instance expired December 19, 1951. The year's period expired December 16, 1951. The present third-party action was not brought until June 25, 1953.

These are the facts which the corporate defendant has set up as an affirmative defense, on the basis of which it maintains that plaintiff's cause of action was automatically assigned to the insurance carrier paying the award and that plaintiff, not being

the real party in interest, has no status to bring the present action.

Plaintiff admits the facts to be as thus alleged but claims the benefit of the provisions of section 29 of the Workmen's Compensation Law, pursuant to an amendment (L. 1951, ch. 527) which took effect September 1, 1951. Such amendment bars the assignment of the injured employee's cause of action as theretofore provided in the law unless the carrier paying an award shall have given written notice to the beneficiary thereof at least thirty days prior to the expiration of the specified time limitations that failure on the part of such person to commence a third-party action within thirty days from receipt of the notice shall operate as an assignment of the third-party cause of action to the carrier. There was no such notice given in this case according to the plaintiff. In any event the defense does not plead it.

Plaintiff claims that the 1951 amendment has retroactive effect. Defendant takes a counter view, citing in support *Bedsole* v. *Consolidated Edison Co.* (203 Misc. 194) and *Farrell* v. *American Beverage Corp.* (203 Misc. 330). Both of these cases are distinguishable in that in the above cases the automatic assignment of the causes of action to the carrier which resulted under the statute then in effect had occurred and the carrier in each instance had become vested therewith. As was stated by HART, J., in the *Bedsole* case (p. 196): " The rights of the parties had already been vested by operation of law (*Nelson* v. *Buffalo Niagara Elec. Corp.*, *supra* [264 App. Div. 941, affd 292 N. Y. 600]) and in the circumstances it would appear unlikely that the Legislature intended to disturb such existing rights. (*Orinoco Realty Co.* v. *Bandler*, 233 N. Y. 24, 28; *Adliss* v. *Selig*, 264 N. Y. 274.) "

Such are not the facts here. The automatic assignment provisions as they stood in the law prior to the 1951 amendment still had more than three months to run when the plaintiff received his compensation payment on June 19, 1951.

Hence the important factor herein is whether the statutory change effected by the 1951 amendment was one going to substantive rights or was merely procedural or remedial. I am inclined to regard it as procedural (cf. *Hession* v. *Sari Corp.*, 283 N. Y. 262, 266, revg. 258 App. Div. 969). If so, under familiar canons of construction, the plaintiff would be entitled to the benefit thereof (*Peace* v. *Wilson*, 186 N. Y. 403, 406; *Laird* v. *Carton*, 196 N. Y. 169, 171). Such view is fortified by the circumstance that the amendatory legislation was passed on April 4, 1951, but did not take effect until September 1, 1951,

thus giving an insurance carrier a period of almost five months to become familiar with and to comply with its provision as to notice. The amendment in this respect, as indicated in the Governor's memorandum, was a salutary one. As pointed out by him, " This bill would toll this assignment until thirty days after the carrier has notified the claimant in writing of this right of subrogation. Therefore, it would be most unlikely that a claimant, if this bill becomes law, would heedlessly and unknowingly permit assignment of a third party right of action, and this may be a right valuable to the injured worker. * * * Experience shows that sometimes an injured employee receiving workmen's compensation during the period of total disability is physically unable then to consult with an attorney regarding his third party rights and now sometimes loses his right to bring such an action without appreciating the fact that he is losing it. This bill would, through the carrier notice, alert claimants as to the automatic assignment of such causes of action and makes it possible for them, or someone on their behalf, to assert that right if such action is desired." (See McKinney's Cons. Laws of N. Y., Book 64, Part 2 [1953 Supp.], p. 51.)

In addition to the customary construction making procedural or remedial statutory changes apply to pending actions or causes of action, there is the added consideration that the courts have adopted a rule of liberal construction in applying the provisions of the Workmen's Compensation Law in favor of an injured employee as a matter of public policy in furtherance of a salutary purpose. (See *Matter of Tate* v. *Estate of Dickens,* 276 App. Div. 94, 98, and cf. *Matter of Finkle* v. *Cushing Stone Co.,* 278 App. Div. 250, 252, and *Matter of Kaplan* v. *Kaplan Knitting Mills,* 248 N. Y. 10, 13.)

Accordingly the plaintiff's motion to strike out the defense as insufficient in law is granted (see, also, *Olker* v. *Salamone,* 202 Misc. 1041, and *Plumitallo* v. *1407 Broadway Realty Corp.,* 201 Misc. 277, affd. 279 App. Div. 1019, to like effect, although the decision in the *Olker* case was based on alternative grounds, and the affirmance in the *Plumitallo* case was on a different ground). Settle order on notice.