Del, Vecchio, J.
This is a motion to dismiss the complaint upon the ground that plaintiff is not the holder of the cause of action set forth in the complaint and consequently is not the proper party to be plaintiff.
The action arises out of an accident which occurred on June 5, 1951, when plaintiff sustained injuries while in the course of his employment allegedly caused by the negligence of the defendant. Plaintiff applied for and was awarded compensation under the Workmen’s Compensation Law.
This third-party action was commenced on June 4, 1954.
More than twenty days after service of an answer containing a general denial, defendant, without an order, served an amended answer setting forth as an affirmative defense that plaintiff is no longer the holder of the cause of action alleging that it was assigned by operation of law to the insurance carrier under section 29 of the Workmen’s Compensation Law.
Prior to September 1, 1951, section 29 provided that a cause of action against a third party arising out of an accident covered by workmen’s compensation was automatically assigned to the carrier after the elapse of one year from the date the action accrued, or after the elapse of six months from the date that compensation was awarded.
There is no question but that the failure of an employee to commence an action against a negligent third party within the time limited by section 29 as it existed before September 1,1951, resulted in an automatic and absolute assignment of such cause of action to the employer’s compensation carrier. (Taylor v. New York Central R. R. Co., 294 N. Y. 397, 402; Skakandy v. State of New York, 298 N. Y. 886.)
On September 1, 1951, there became effective an amendment to section 29 (L. 1951, ch. 527) which provided that the statutory assignment of the cause of action from the injured employee to the employer’s carrier would not take effect until after thirty days ’ written notice by said carrier to the employee of the fact that his right to bring suit in his own name was about to expire and if the carrier failed to give such notice the time limited for the commencement of the action would be extended until thirty days after the carrier notified the employee in writing that failure to commence an action within thirty days would operate as an assignment of such cause of action to the carrier.
Governor Dewey, in a memorandum approving the amendment, stated: “ Concerning this bill, the Chairman of the Workmen’s Compensation Board has written as follows: ‘ * * * Under the law as it now is, the failure of a workmen’s compensation claimant to commence his third party negligence action *662 within * * * six months after the award of workmen’s compensation and, in any event, before the expiration of one year from the date the cause of action accrued * * * operates as the assignment of his cause of action to the workmen’s compensation carrier (including insurance companies, the State Insurance Fund, and self-insured employers). This bill would toll this assignment until thirty days after the carrier has notified the claimant in writing of this right of subrogation. Therefore, it would be most unlikely that a claimant, if this bill becomes law, would heedlessly and unknowingly permit assignment of a third party right of action, and this may be a right valuable to the injured worker. * * * This bill would, through the carrier notice, alert claimants as to the automatic assignment of such causes of action and make it possible for them, or someone on their behalf, to assert that right if such action is desired.”
The defendant argues that section 29 as it existed on June 5, 1951, the date of the accident, applies and since no action was commenced by the plaintiff within one year after the date of the accident the cause of action was automatically assigned to the carrier.
The cases relied upon by the defendant are clearly distinguishable in that the time limitation had already run prior to September 1, 1951, and an automatic assignment of the causes of action to the carrier had occurred and the rights of the parties had already been vested by operation of law, which is not true in the case at bar.
Since the plaintiff’s cause of action did not accrue until June 5, 1951, it is obvious that neither of the two time limitations in the original section 29 could have operated against the plaintiff prior to the amendment of September 1, 1951, which gives the plaintiff the same remedy against the third party as before with the proviso that the amendment extends the time in which the plaintiff may bring the action to thirty days after written notice is given by the carrier. (Rose v. Sun Oil Co., 204 Misc. 428.)
The amendment affected only matters of procedure and consequently is applicable to plaintiff’s cause of action even though it became effective about three months after the accident, since no vested rights had accrued to the carrier prior to September 1, 1951, the effective date of the amendment. (Hessen v. Sari Corp., 283 N. Y. 262.)
The defense set forth in the amended answer is insufficient in law; therefore the motion to dismiss the complaint is denied.
Order accordingly.