Carroll M. Roberts, J.
This is a motion by the defendant to amend its answer in order to plead as an affirmative defense the fact that plaintiff’s cause of action has been assigned to his compensation insurance carrier by reason of plaintiff’s failure to institute the action within the time limited pursuant to section 29 of the Workmen’s Compensation Law.
The proposed amended answer alleges that the plaintiff was an employee of Arute Brothers, Inc., at the time of his injury on July 27, 1953; that thereafter compensation awards were made to and received by the plaintiff; that on or about April 8, 1955 a letter was mailed the plaintiff by the compensation carrier pursuant to section 29 of the Workmen’s Compensation Law, advising that unless he commenced his third-party action on or before May 14, 1955, said cause of action would be assigned by operation of law; that the third-party action was thereafter commenced on September 26,1955. It appears from the moving papers that the defendant did not learn of the notice which had been sent to the plaintiff pursuant to section 29 of the Workmen’s Compensation Law until the 22d day of October, 1956. The notice of motion is dated October 30, 1956 and was served on the attorneys for the plaintiff on November 2, 1956. The defendant, upon learning of the facts entitling it to plead the proposed defense, acted with promptness and diligence in making the motion. Under these circumstances and under the facts pleaded the proposed amendment is proper and would normally be granted as a matter of course. (Lehman v. Hartke, 286 App. Div. 661; Juba v. General Bldrs. Supply Corp., 284 App. Div. 891; Ruopoli v. Geraci & Castagna, 140 N. Y. S. 2d 464.)
Plaintiff here opposes the granting of the motion upon various grounds which it is claimed indicate that the affirmative defense, which defendant proposes to plead, is clearly bad.
It is claimed in the first place that this action was commenced within the time limited by section 29 of the Workmen’s Com *204 pensation Law, and hence there was no assignment of the cause of action to the compensation carrier. Subdivision 1 of section 29 provides that such action must be commenced not later than six months after the awarding of compensation or not later than nine months after the enactment of any law establishing a new remedy and, in any event, before the expiration of one year from the date such action accrues. Subdivision 2 of this section (as amd. by L. 1951, ch. 527) provides that the failure to commence an action pursuant to subdivision 1 shall not operate as an assignment unless the carrier shall have notified the claimant in writing at least 30 days prior to the expiration of the time limited for the commencement of the action by subdivision one that such failure shall operate as an assignment. If the carrier shall fail to give such notice the time limited for the commencement of an action by subdivision 1 shall be extended until 30 days after the carrier shall have notified the claimant in writing that failure to commence an action within 30 days after the mailing of such notice shall operate as an assignment of said cause of action. The accident out of which this cause of action arose occurred July 27, 1953, and the one-year limitation prescribed in subdivision 1 within which the action must be commenced expired July 27, 1954. There is no claim that the carrier served any notice upon the plaintiff prior to said date. The time to commence the action was therefore, pursuant to subdivision 2, extended until 30 days after written notice by the carrier. The proposed amended answer alleges that the required notice was mailed on or about April 8, 1955. The letter constituting the notice was dated April 8,1955, but the envelope in which it was mailed was postmarked April 22, 1955. The 30-day period would expire either on May 8 or May 22, depending upon the date of mailing. The exact date of mailing is not here important as the summons and complaint were served on September 26, 1955, well beyond the 30-day period. Plaintiff claims, however, that the action was commenced by delivery of the summons and complaint to the Sheriff on May 5,1955, which was in any event within the 30-day period.
Plaintiff in support of his contention that the action was commenced on May 5, 1955, relies upon section 17 of the Civil Practice Act which in substance provides that the delivery of the summons to a Sheriff is equivalent to the commencement of the action ‘ ‘ within the meaning of each provision of this act which limits the time for commencing an action ”. (Emphasis supplied.) The time limited for commencement of the present action was, however, fixed by section 29 of the Workmen’s Compensation Law, and not by any provision of the Civil Practice *205 Act. Section 17 of the latter act, therefore, has no application here. (Weingarten v. Cohen, 193 Misc. 566, revd. on other grounds 275 App. Div. 253, affd. 300 N. Y. 528; Duffy v. Thames Trading Co., 66 N. Y. S. 2d 579.) Even if section 17 of the Civil Practice Act here applied, it would not avail the plaintiff as it is specifically provided that to entitle a plaintiff to the benefit of the section, delivery of the summons to an officer must be followed by making service within 60 days after the expiration of the time limited for the actual commencement of the action. Assuming the notice was not mailed until April 22, 1955, the latest date for the commencement of the action was May 22, 1955, but service was not made until September 26, 1955, more than 60 days thereafter.
Plaintiff claims in the second place that the proposed defense in the amended answer is bad because the carrier filed a notice of lien and thereby waived the benefit of the assignment. The assertion of a lien by the carrier is in no way inconsistent with its subsequent assertion of ownership of the cause of action and constitutes no basis for the denial of an amendment to an answer pleading such assignment as a defense. (Olker v. Salomone, 283 App. Div. 948, motions for reargument and for leave to appeal to the Court of Appeals denied 283 App. Div. 1103.)
Plaintiff claims in the third place that the proposed answer is bad because the notice served was defective and hence did not start the time running within which plaintiff must commence his action. Section 29 provides that the time limited for the commencement of the action shall be extended until 30 days after the carrier “ shall have notified the claimant in writing that failure to commence an action within thirty days after the mailing of such notice shall operate as an assignment of the cause of action to such carrier ’ ’. The notice which was mailed provided in part as follows: “ Pursuant to Section 29 we hereby notify you that unless you have sued the third party or parties causing your injury on or before May 14, 1955, your cause of action is assigned to this company (Liberty Mutual Insurance Company) as Workmen’s Compensation Insurance carrier for Arute Brothers, Inc.” The notice did not follow the exact language of the statute. It failed to state that an action must be commenced within 30 days after mailing of the notice. Instead, it stated that an action must be commenced on or before May 14, 1955. This date was more than 30 days after the date of the letter and the date of mailing as alleged in the proposed amended answer, but was less than 30 days after mailing if the mailing date was April 22 as indicated by the postmark on the *206 envelope. Even though the notice was not strictly in accordance with the language of the statute, the plaintiff does not appear to have been misled thereby as the summons and complaint were delivered to the Sheriff on or about May 5 which was within the 30-day period and prior to the date specified in the letter for the commencement of the action. It may be that by acting upon said notice and attempting to commence the action, the plaintiff has waived any defect, if there was one, in the language of the notice itself. In any event, the sufficiency of the proposed defense cannot be determined on this motion but remains to be tested either upon a motion after the service of the amended answer or upon the trial. The motion cannot be denied unless the proposed answer is clearly bad or frivolous. (Anderson v. New York Central R. R. Co., 284 App. Div. 64; Vasile & Son, Inc., v. Concrete Trans-Mix Corp., 1 A D 2d 936.) The court cannot say upon this motion that the form of the notice is such that as a matter of law it renders the proposed answer clearly bad or frivolous.
Motion is granted, without terms and without costs and without prejudice to any other motion which may be addressed to the pleadings.