Thomas **GORMAN**, Plaintiff,

v.

**TRANSOCEAN AIR LINES**, Defendant.

No. 6900.

United States District Court
D. Connecticut
Civil Division.

Dec. 23, 1957.

**340**

Samuel E. Friedman, New York City, James O'Connor, Shea, New Haven, Conn., for plaintiff.

Morris Tyler, Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., for defendant.

ANDERSON, District Judge.

This is a negligence action by a New York plaintiff, who has already received Workmen's Compensation pursuant to the New York statute, against Transocean Air Lines, a California corporation which qualified to do business in Connecticut on March 21, 1957.

The injury is alleged to have occurred while the plaintiff employee was servicing the defendant's airplane at Idlewild Airport under a contract between the defendant and the plaintiff's employer, Flight Dispatch Service. The defendant has moved to dismiss the complaint on the grounds that the action is barred by the Connecticut statute of limitations and that the plaintiff has been divested of his cause of action by assignment of it to the compensation carrier by virtue of the New York Workmen's Compensation Law, § 29, McKinney's Consol. Laws, c. 67, § 29.

Federal jurisdiction of this cause depends upon diversity of citizenship, 28 U.S.C.A. § 1332, and, therefore, whether the New York three year statute of limitation, Civil Practice Act, § 49 applies—as plaintiff contends—or the shorter, one year Connecticut statute, Gen.St.1949, § 8324—as defendant contends—depends on the rule of conflict of laws which the courts of Connecticut would apply in like cases. Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, State of Maryland, ex rel. Thompson v. Eis Automotive Corporation, D.C.1956, 145 F.Supp. 444. The Connecticut courts have made it clear that in this type of situation, the statute of limitations of the forum applies. Thomas Iron Co. v. Ensign-Bickford Co., 1945, 131 Conn. 665, 42 A.2d 145.

However, plaintiff contends that Connecticut's one year statute of limitations has not yet run because the defendant was without the state until March 21, 1957. The date of the acci-

dent in New York in which plaintiff was allegedly injured by the defendant's negligence when in control of its airplane and appurtenant facilities was September 13, 1954. Since this is a diversity suit, it is deemed commenced on the date of service upon the defendant, Ragan v. Merchants Transfer, 1949, 337 U.S. 530, 69 S.Ct. 1223, 93 L.Ed. 1520. This date was September 11, 1957. But the named defendant in this action was not within the state until March 21, 1957. Under the law of Connecticut, the time during which the defendant Transocean Air Lines was outside of the state is excluded in computing the time within which the action must be brought. Section 8330, Conn. General Statutes (1949 Revision). This section applies even though both parties are non-residents, Hatch v. Spofford, 1856, 24 Conn. 432, 442.

■ The defendant sets forth certain facts concerning the existence of certain corporations with similar names—which facts are not disputed by the plaintiff—and claims because of these facts that the statute of limitations has not been tolled. These facts are: a California Corporation by the name of Transocean Air Lines qualified to do business in Connecticut on April 28, 1949; on March 21, 1957 said Transocean Air Lines, which is a separate and distinct corporation from the named defendant filed a Charter amendment with the Connecticut Secretary of State changing its name to the Transocean Corporation of California; and on the same date that the change of name was filed with the Secretary of State, March 21, 1957, the Transocean Corporation of California filed a certificate of withdrawal from and termination of its authority to do business as a foreign corporation in Connecticut; and, furthermore, on the same date a California corporation named Transocean Air Lines, the named defendant herein, qualified to do business in Connecticut.

But these facts do not prevent the statute of limitations from being tolled against the named defendant. There is no allegation that the named defendant Transocean Air Lines is a successor to the Transocean Corporation of California or a successor to the Transocean Air Lines which qualified to do business on April 28, 1949 and recorded its change of name on March 21, 1957. What the facts shown by the defendant's affidavits do make clear is that the statute has run against the first Transocean Air Lines, but that cannot help the named defendant, for by the affidavit filed by its counsel, the named defendant is a separate and distinct corporation from the first Transocean Air Lines and its successor, the Transocean Corporation of California. The facts of the affidavits do imply that the named defendant did not have anything to do with the airplane which was involved in the accident in which the plaintiff was allegedly injured. But this defense—that the plaintiff has sued the wrong defendant —does not permit that defendant to utilize a statute of limitations defense when the named defendant has not been available for process for the period of the statute.

■ Even if the pending motion to dismiss is treated as a motion for summary judgment under Rule 12(b), Fed. Rules Civ.Proc. 28 U.S.C.A. since matters outside the pleadings have been presented, the defendant cannot now be successful on his implied claim that the named defendant had nothing to do with the plane involved. The statement in the affidavit by the vice president of the Transocean Corporation of California that his corporation controlled the airplane involved is not sufficient to refute paragraph 12 of the complaint which alleges that the named defendant controlled and managed the plane on the day of the accident. There is no affidavit from the named defendant's officers that this allegation of the complaint is not in fact true, nor does the Transocean Corporation's officer's affidavit even claim that it had exclusive control. Therefore, on the basis of the present papers, which on the most favorable light for the defendant raise a genuine

issue of fact in regard to the named defendant's control of the craft involved, summary judgment will not lie at this time because it cannot be held as a matter of law that the named defendant is not the proper party defendant. Of course, if this dispute over who had control of the plane can be disposed of by further affidavits and/or depositions or interrogatories, there is no reason why this issue cannot be presented on a later motion for summary judgment.

Therefore, since the action is timely under the Connecticut statute of limitations because the named defendant has not been within the state for the year period, it is necessary to decide whether or not the plaintiff has been so deprived of his cause of action by operation of the New York Workmen's Compensation statute, that he cannot remain in this suit as a party plaintiff, as the defendant also contends.

 Section 29 of the New York statute provides that if an injured employee who has received compensation does not commence his tort action against the third party tort-feasor within the statutory period prescribed, there is an assignment of the common law tort cause of action to the compensation carrier. Since the Connecticut courts' conflicts rule is that the law of the place of the tort creates, defines and limits a right of action, Bohenek v. Niedzwiecki, 1955, 142 Conn. 278, 113 A.2d 509, the Connecticut courts would interpret the New York statute's effect on the common law tort cause of action as the New York courts do.

The relevant parts of paragraph 2 of Section 29 provide that if an injured employee does not bring his action against the third party tort-feasor within a period prescribed in paragraph 1 (the maximum period under paragraph one being one year from the date of injury), then the cause of action is assigned to the compensation carrier. The second sentence of Section 29 further provides, however, that there is no assignment "unless the insurance carrier shall have notified the claimant in writ-

ing by personal service or registered mail at least thirty days prior to the expiration of the time limited for the commencement of an action * * * that such failure to commence such action shall operate as an assignment * * * " The third sentence provides that if the carrier does not give such notice within the prescribed period of paragraph 1, "the time limited for the commencement of an action by subdivision one shall be extended until thirty days after the insurance carrier shall have notified the claimant in writing that failure to commence an action within thirty days after the mailing of such notice shall operate as an assignment of the cause of action to such carrier, and in the event the claimant fails to commence such action within thirty days after the mailing of such notice, such failure shall operate as an assignment of such cause of action to such carrier."

Under this second paragraph of Section 29, this question arises in the context of this case:

Was the notice given by the carrier in the case at bar sufficient to effectuate an assignment of the cause of action?

This involves two subsidiary questions: (a) did the fact that the notice was sent by "certified" rather than by "registered" mail make it ineffective? (b) was the substance of the claimed notice so at variance from the notice prescribed by the statute that it was ineffective?

 With regard to (a), the defendant maintains that because of the difference in wording between the second and third sentences in Section 29, paragraph 2, if the notice is sent after the period prescribed in paragraph 1 has run, the notice need not be by personal service or registered mail but the only requirement is that it be in writing. Difficult as it is to give any justification as to why the legislature would intend such a distinction, there is support for the defendant's position in this: the second sentence prescribes "personal service or by registered mail", the third sentence (where the word "notice" is

used without the adjective "such" before it) prescribes a time limit of 30 days "after mailing". If the provisions of the second sentence as to personal service or registered mail were to carry over to the third sentence, then the time limit should have been 30 days "after mailing or personal service". However, the defendant's position is also weakened by the fact that the time limit is tied up to the mailing provision. Since the thirty day period runs from the time of the mailing and not the receipt, it would seem that the legislature had intended that the provision in the second sentence for registered mail should carry over to the third sentence, so that the carrier would not be free to mail the notice by the slowest possible means. Therefore, the reasons advanced by the defendant that the "registered" or "personal service" requirements do not apply to the notice given after the paragraph 1 period are not the soundest ground upon which to base a decision that the type of mail used did not render the notice ineffectual. But since the notice was actually received by a type of mail which was not slower than the "registered" mail which the statute called for, 39 C.F.R. Parts 51, 58, the plaintiff here cannot complain.

With respect to the substantive content of the notice, the letter dated April 30, 1956 and sent by the carrier, drew the plaintiff's attention to the provisions of Section 29 of the Workmen's Compensation Act, but it did not state that the plaintiff had 30 days after the mailing of the letter to commence suit.

 Neither party's counsel has directed the court's attention to any New York authority on the sufficiency of notice under Section 29. Only one case has been found which even discusses the problem. This is the case of Peritore v. Niagara Mohawk Power Corp., 1956, 4 Misc.2d 202, 157 N.Y.S.2d 723, 727, which is not directly in point here because the question arose on the defendant's motion to amend its answer to claim a Section 29 statutory assignment. The plaintiff argued that the notice sent

by the compensation carrier had been ineffective and that there had, therefore, been no assignment. Although the defect in that case was of a similar nature as the defect here (the receiver of the letter could not tell from the letter how much time he had to commence an action), the court did not get to the merits of the sufficiency of the notice. It merely held that the form of notice was not so bad as to prevent the defendant from amending its answer. The court made it clear that it was not ruling on the issue of the sufficiency of the notice. "In any event the sufficiency of the proposed defense cannot be determined on this motion but remains to be tested either upon a motion after the service of the amended answer or upon the trial." The issue which the New York court did not have to face in the Peritore case is clearly before this court now. It is this court's duty to decide state law when necessary to the rendition of a judgment even though the law may seem uncertain and the question has not yet been answered by a court of the state whose law is at issue. Meredith v. City of Winter Haven, 1943, 320 U.S. 228, 234–235, 64 S.Ct. 7, 88 L.Ed. 9; Paschall v. Mooney, D.C.1953, 110 F.Supp. 749.

 The letter which the defendant claims gave notice was addressed to the plaintiff and was dated April 30, 1956. It reads as follows:

"It appears that you may have a cause of action against someone other than your employer for injuries you received on the date stated above.

"Section 29 of the New York Workmen's Compensation Law, as amended by Chapter 527 of the Laws of 1951, provides that if an employee takes, or intends to take, compensation and medical benefits under this chapter, and desires to bring action against such other, such action must be commenced by the employee not later than six months after the awarding of compensation or not later than nine months after the enactment of such

law or laws creating, establishing or affording a new or additional remedy or remedies and, in any event, before the expiration of one year from the date such action accrues. Failure to bring such action within such time will act as an assignment to the insurance carrier by operation of law. The law further provides that written notice calling your attention to these provisions under Section 29 must be given to you at least thirty days prior to the expiration of the time limited for the commencement of the action.

"Pursuant to such law, we hereby give you such notice."

At best this letter put the plaintiff on inquiry; it did not give him notice of anything except the existence of a law on the subject. The statute, however, requires a factual notice related to the circumstances of the case. The purported notice was insufficient in law and of no effect.

The defendant's motion to dismiss is denied.